**BROWN, Appellee,**

v.

**AKRON BOARD OF EDUCATION, Appellant, et al.**

[Cite as *Brown v. Akron Bd. of Edn.* (1998), 129 Ohio App.3d 352.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18808.

Decided Aug. 12, 1998.

*Joseph F. Gorman* and *David Friedman,* for appellee.

*Michael J. Spetrino,* for appellant.

DICKINSON, Judge.

Defendant Akron Board of Education has attempted to appeal from an order of the Summit County Common Pleas Court that denied it summary judgment in a tort action brought against it by plaintiff Paul J. Brown. It argues that the trial court incorrectly denied its motion for summary judgment. Specifically, it argues that there were no genuine issues of material fact and it was entitled to judgment as a matter of law. This court dismisses defendant's attempted appeal because the order from which it has attempted to appeal was not a final order within the meaning of R.C. 2501.02 and 2744.02(C).

I

Plaintiff was a student enrolled in the Severe Behavioral Handicap Program at Kenmore High School during the 1994–1995 school year. On October 17, 1994, two other students enrolled in the same program assaulted him during the lunch period at school. On October 12, 1995, plaintiff filed this action in the Summit County Common Pleas Court against the Akron Board of Education and the parents of the other two students.[1] Among other things, plaintiff averred that the board of education had had knowledge of prior incidents involving the two students who had attacked him and failed to "protect him from being assaulted while on school grounds." According to plaintiff, the board had "breached its duty of care in that its conduct was reckless, wanton, intentional, and/or malicious."

---

**1.** On July 15, 1996, default judgment was entered in favor of plaintiff against the parents of the other two students.

On December 12, 1996, the board moved the trial court for summary judgment. In support of its motion, it argued (1) that "there was no negligence" and (2) that "the school is immune from liability under R.C. Chapter 2744 which typically bars claims for injury which arise due to student-on-student * * * conflicts." Although it conceded that R.C. Chapter 2744 would not provide it immunity from liability if its employees had acted with malicious purpose or in bad faith or in a wanton or reckless manner, it asserted that "there is no evidence that the school acted 'with malicious purpose, bad faith or in a wanton or reckless manner.' "

In response to the board's motion for summary judgment, plaintiff conceded that R.C. 2744.03 "does provide immunity defenses for the School Board's negligent acts."[2] It further argued, however, that "the question before this Court is whether the School Board was wanton or reckless."

On October 15, 1997, the trial court denied the board's motion for summary judgment. In doing so, it wrote that there appeared to be confusion among the board's employees about how closely they should have been supervising plaintiff and the other two students at the time of the attack. It further wrote:

"The Court finds that this confusion over policies, and actual implementation of any appropriate level of supervision of the [Severe Behavior Handicap] students during the lunch period, falls into the provisions of R.C. 2744.03(A)(5). Accordingly, the school board would be immune from liability unless the judgment or discretion of its employees was exercised with a malicious purpose, in bad faith, or in a wanton or reckless manner. R.C. 2744.03(A)(5)."

The trial court further wrote that there were genuine issues of material fact regarding whether the attack on plaintiff was foreseeable and whether employees of the board had acted "with malicious purpose, in bad faith, or in a wanton or reckless manner." According to the trial court, there was "at least a jury question as to whether the teacher or teaching assistant disregarded a known risk in allowing the [Severe Behavioral Handicap] students to wander unsupervised during the lunch period."

The trial court determined that its order denying the board's motion for summary judgment was immediately appealable:

"Pursuant to R.C. 2744.02(C), any order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744 of the Ohio Revised Code or any other provision of the law is a final order."

---

2. This court expresses no opinion regarding whether, to the extent the acts alleged by plaintiff constituted negligence, R.C. 2744.03 provided the board immunity from liability for those acts. See *Hallett v. Stow Bd. of Edn.* (1993), 89 Ohio App.3d 309, 624 N.E.2d 272.

Accordingly, it designated its order final and appealable, and the board timely filed a notice of appeal to this court.

## II

### A

The board's assigned error is that the trial court incorrectly denied its motion for summary judgment. It has argued to this court that the attack upon plaintiff by his fellow students was not foreseeable and that, therefore, there was "no evidence of negligence by the school or its employees." It has further argued that it is immune "from liability for injuries resulting from the exercise of judgment and discretion." Finally, it has asserted that, "[c]ontrary to the trial court's finding, there is no basis for a jury to determine that the school acted in a reckless manner with regard to the supervision of students during the lunch recess."

Plaintiff has conceded in his brief to this court, as he did before the trial court, that the board is immune from liability to the extent that his injuries were caused by negligence:

"The [board] argues in its brief that even if the School Board was negligent in this case, it is not liable because O.R.C. § 2744.03(A)(5) provides it with an immunity defense. It is conceded that said statute does provide immunity defenses for the School Board's negligent acts."[3]

Plaintiff has asserted, however, that the issue before this court is not whether employees of the board were negligent but, rather, whether they acted in a wanton or reckless manner:

"However, the question before this Court is whether the School Board was wanton or reckless. * * *

"The issue before this Court is whether the decision of the [School Board] to leave these [Severe Behavioral Handicap] students unsupervised outside the school building during the lunch period was reckless."

██ This court agrees with plaintiff's assessment of the issue presented by the merits of the board's attempted appeal. The trial court did not deny the board's motion for summary judgment because it believed that plaintiff had presented "evidence of negligence by the school or its employees," as the board has suggested. It denied the board's motion for summary judgment because it believed that plaintiff had presented evidence that the board's employees had acted "with malicious purpose, in bad faith, or in a wanton or reckless manner."

---

3. See footnote 2.

B

■ At oral argument, this court requested that the parties submit briefs on the question of this court's jurisdiction over the board's attempted appeal. They have now done so. The board argues that the trial court's denial of its motion for summary judgment was immediately appealable pursuant to R.C. 2501.02 and 2744.02(C).

R.C. 2501.02 was amended, effective January 27, 1997, to provide Ohio courts of appeals jurisdiction to hear appeals from orders "denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or another provision of the Revised Code." R.C. 2744.02(C), which also became effective January 27, 1997, provides:

"An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of the law is a final order."

In its brief in support of this court's jurisdiction, the board has suggested that the legislative purpose in amending R.C. 2501.02 and adopting R.C. 2744.02(C) was the same as its original purpose for adopting sovereign immunity in general: "preservation of the fiscal integrity of political subdivisions," quoting *Wilson v. Stark Cty. Dept. of Human Services* (1994), 70 Ohio St.3d 450, 453, 639 N.E.2d 105, 108. Early resolution of questions of sovereign immunity, at least when those questions are decided in favor of the political subdivision, saves the expense of trial.

This court does not disagree with the board's analysis of the General Assembly's apparent purpose for amending R.C. 2501.02 and adopting R.C. 2744.02(C). That analysis, however, begs the question that this court asked the parties to brief. The issue this court must determine is whether the trial court's order denying the board's motion for summary judgment was an order denying the board "an alleged immunity from liability as provided in Chapter 2744." If it was, the board's attempted appeal is properly before this court. If it was not, the board's attempted appeal is not properly before this court.

There was no disagreement between the parties in the trial court about the extent of the protection afforded the board by R.C. Chapter 2744, and there is no disagreement between them on that issue before this court. The parties are in agreement that to the extent the actions of the board and its employees with respect to plaintiff and the two students who allegedly attacked him were negligent, the board is immune from liability.[4] They also agree that to the extent that the board or its employees acted with malicious purpose, in bad faith, or in a

---

4. See footnote 2.

wanton or reckless manner with respect to plaintiff and the two students who attacked him, it is not immune from liability. Resolving the merits of this appeal would not call upon this court to decide any question regarding sovereign immunity. Rather, it would only require a determination of whether the trial court erred in determining that there was a genuine issue of fact regarding whether the board's employees acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

There is no federal statute similar to R.C. 2501.02 and 2744.02(C). In *Mitchell v. Forsyth* (1985), 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411, however, the United States Supreme Court determined that certain "collateral orders" denying summary judgment to a public official asserting a defense of qualified immunity are immediately appealable as "final decisions" within the meaning of Section 1291, Title 28, U.S. Code:

"[W]e hold that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 USC § 1291 notwithstanding the absence of a final judgment." *Id.* at 530, 105 S.Ct. at 2817, 86 L.Ed.2d at 427.

In *Johnson v. Jones* (1995), 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238, the United States Supreme Court was presented with an issue similar to the issue currently before this court. The plaintiff in that case claimed that he had been beaten by five policemen. He filed a "constitutional tort" action against the five policemen in a United States District Court. Three of the defendants moved for summary judgment, arguing that regardless of what evidence the plaintiff might have concerning the other two defendants, he could present no evidence that they had beaten him or had been present when he was beaten. Plaintiff responded by pointing to evidence that the three officers had been present when he was beaten. The district court denied the officers' motion for summary judgment, and they attempted to appeal to the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit held that it lacked jurisdiction over the defendants' attempted appeal, and the Supreme Court granted certiorari.

The Supreme Court determined that the district court's denial of the defendants' motion for summary judgment was not immediately appealable. Of particular relevance to the issue before this court is the Supreme Court's discussion of whether a summary judgment order in a qualified immunity case is immediately appealable when that order "determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial." It concluded that such an order is not immediately appealable. *Id.*, 515 U.S. at 313, 115 S.Ct. at 2156, 132 L.Ed.2d at 246. Among other things, the Supreme Court in *Johnson* pointed out that its decision in *Mitchell* had "referred specifically to a district court's 'denial of a claim of qualified immunity, *to the extent that*

*it turns on an issue of law.'* " (Emphasis added by the court in *Johnson.*) *Id.* at 313, 115 S.Ct. at 2156, 132 L.Ed.2d at 247, quoting *Mitchell, supra,* 472 U.S. at 530, 105 S.Ct. at 2817–2818, 86 L.Ed.2d at 427. It further noted that part of the rationale underlying *Mitchell* was that an immunity claim would be conceptually distinct from the merits of a plaintiff's claim. "Where, however, a defendant simply wants to appeal a district court's determination that the evidence is sufficient to permit a particular finding of fact after trial, it will often prove difficult to find any such 'separate' question—one that is significantly different from the fact-related legal issues that likely underlie the plaintiff's claim on the merits." *Id.* at 314, 115 S.Ct. at 2157, 132 L.Ed.2d at 247.

In this case, the trial court decided that plaintiff presented sufficient evidence in response to the board's motion for summary judgment to permit a finding of fact after trial that the board or its employees acted with malicious purpose, in bad faith, or in a wanton or reckless manner. That decision dealt with the fact-related legal issues that underlie plaintiff's claim on the merits. It did not deny the board the benefit of sovereign immunity and, therefore, was not a final order within the meaning of R.C. 2501.02 and 2744.02(C).

## III

The board has attempted to appeal from an order that was not a final order within the meaning of R.C. 2501.02 and 2744.02(C). Accordingly, this court does not have jurisdiction over the board's attempted appeal, and this matter is dismissed. Costs to the appellant.

*Appeal dismissed.*

BAIRD, J., concurs.

SLABY, P.J., concurs separately.

SLABY, Presiding Judge, concurring.

I concur, but I write separately to emphasize that this judgment should be limited by the specific facts presented in this case. This judgment should be limited to situations where a trial court considers only wanton and reckless conduct by a political subdivision after the denial of the motion for summary judgment on the basis of immunity. It would be untenable for a trial court to consider negligent conduct in the wake of such a denial.

In the case at bar, the trial court's judgment entry addresses only reckless and wanton conduct. Furthermore, the plaintiff has conceded that the political subdivision is immune from liability to the extent that his injuries were caused by

negligence. Based upon these specific facts, a dismissal for lack of a final, appealable order is appropriate. However, if a trial court were allowed to consider whether a political subdivision committed negligent conduct in the wake of such a denial of summary judgment, the purpose of appealability of orders denying sovereign immunity would be subverted.