OPINION
Defendant-Appellant, Jim Slagle ("Slagle"), brings this appeal from an order of the Court of Common Pleas of Marion County denying his motion for summary judgment in a tort action brought by Plaintiff-Appellee, Thomas Vending, Inc. Because we find that Slagle has attempted to appeal from an order that is not final, this appeal is dismissed.
The following provides a brief background summary:
At all times relevant, Slagle acted in his capacity as the prosecuting attorney for Marion County. Appellee is a corporation that supplies vending machines to various buildings and offices around the city and county of Marion. As part of an investigation into Appellee's alleged participation in an illegal gambling operation, Slagle assisted the authorities in preparing an affidavit for a search warrant of Appellee's warehouse. The search warrant was executed on December 13, 1995, and the authorities seized several gambling devices, financial records and a computer system. While the property was being held, Slagle began to examine whether to file felony criminal charges against Appellee. Even though criminal charges were ultimately not filed, much of the property remained in the custody of law enforcement officials for approximately two years.
Meanwhile, during the investigation into Appellee's business practices, Slagle discovered that Appellee supplied various county buildings, including the Marion County Courthouse and the Marion County Sheriff's Department, with vending machine services in accordance with several resolutions adopted by the Marion County Board of Commissioners ("Board"). Due to this discovery, Slagle drafted a letter to the Board in his capacity as the organization's legal counsel. The November 22, 1995 letter advised the Board to discontinue its relations with Appellee and to remove the vending machines from the various county buildings, especially the Sheriff's Department, as a matter of public policy. On January 4, 1996, the Board served Appellee with written notice of its intention to end the business relationship. After these events, the City of Marion also discontinued its business dealings with Appellee.
As a result, Appellee filed its initial complaint in the trial court on September 5, 1997, asserting claims for failure to return the seized property and for intentional interference with a business relationship. The complaint prayed for damages in excess of $25,000 and the return of the property. However, because law enforcement officials returned all of the property to Appellee by November 6, 1997, an amended complaint was filed asking the court to enter a judgment for damages only. Slagle properly answered both complaints and set forth several affirmative defenses, including that of immunity.
Thereafter, in September 1998, Slagle filed a motion for summary judgment, arguing, among other things, that he was entitled to immunity for his actions taken as the prosecuting attorney for Marion County. Appellee filed a memorandum in opposition to Slagle's motion, and admitted that the actions taken by Slagle, as an employee of Marion County, may generally fall within the purview of the relevant immunity statutes. However, Appellee asserted that Slagle was not entitled to immunity protection in this case because he acted unreasonably and/or maliciously. On February 22, 1999, the trial court denied Slagle's motion due to the finding that genuine issues of fact existed as to whether the immunity protections were applicable to this case.
Slagle then filed the instant appeal, asserting six assignments of error for our review. For the sake of clarity, we have chosen to discuss Slagle's assignments of error out of their original order. We have also elected to discuss certain assignments of error together since they raise similar issues for our consideration.
 Assignment of Error IV The Court erred by denying Defendant's Motion for Summary Judgment as the Marion County Prosecuting Attorney is immune from this action based upon the sovereign immunity afforded to employees of political subdivisions by Revised Code [section] 2744.03.
 Assignment of Error V The Court erred by denying Defendant's Motion for Summary Judgment as the Marion County Prosecuting Attorney is immune from this action based upon absolute prosecutorial immunity.
 Assignment of Error VI The Court erred in denying Defendant's Motion for Summary Judgment as the Marion County Prosecuting Attorney is immune from this action based upon qualified immunity.
Although a decision denying a motion for summary judgment is generally not considered a final, appealable order, Slagle has attempted to appeal in this case pursuant to R.C. 2501.02 and R.C.2744.02(C).
R.C. 2501.02 provides:
 [T]he court shall have jurisdiction upon an appeal upon questions of law to review * * * judgments or final orders of courts of record inferior to the courts of appeals * * * including an order denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability * * *.
We note that this section of the Ohio Revised Code was amended, effective January 27, 1997, as part of Am. Sub. H.B. No. 350. In its recent decision of State ex rel. Ohio Academy ofTrial Lawyers v. Sheward (Aug. 16, 1999), 86 Ohio St.3d 451, the Supreme Court of Ohio declared House Bill 350 unconstitutional in its entirety because it violated the one-subject provision of Section 15(D), Article II of the Ohio Constitution. Thus, this court does not have jurisdiction to hear Slagle's appeal under this section of the Ohio Revised Code.
However, although R.C. 2744.02(C) was also part of Am. Sub. H.B. No. 350, this section of the Ohio Revised Code was amended and re-enacted in its entirety as part of House Bill 215, effective June 30, 1997. Thus, because R.C. 2744.02(C) appears to provide the requisite jurisdiction to consider this interlocutory appeal, our analysis will focus on whether this section properly applies to the matter at hand. See also, Burley v. Bibbo (Nov. 10, 1999), Jefferson App. No. 97-JE-62, unreported.
R.C. 2744.02(C) states that:
 An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744 or any other provision of the law is a final order.
The plain language of this statute requires that these interlocutory appeals arise from an unambiguous denial of the benefit of an alleged immunity as a matter of law. For example, a trial court may conclude that an employee is not entitled to the protection of an immunity because at the time of the actions in question, the person was, in fact, not employed by the political subdivision. In that case, there is no doubt that the court has denied the benefit of immunity as a matter of law since there is no issue as to the material fact upon which the denial is based. That situation is entirely distinguishable from the case at bar.
Here, we are not yet faced with an order denying immunity. Rather, at this time, there is only a denial of a motion for summary judgment based on a finding that material issues of fact must first be resolved to determine whether immunity is applicable. We note, as did the Ninth District Court of Appeals in Brown v. Akron Bd. of Edn. (1998), 129 Ohio App.3d 352, that there is a distinction between the denial of sovereign immunity as a matter of law and the denial of summary judgment when there are material issues of fact with respect to whether sovereign immunity exists. While the legal issues surrounding an immunity claim are often difficult to separate from the factual issues, in this case, the trial court properly found that there were "genuine disputed issues of fact", that would preclude the court from finding that Slagle was immune as a matter of law.
We therefore conclude that this order cannot be characterized as a final, appealable denial of immunity since the ultimate legal issue as to immunity has been preserved for later review. SeeBrown, supra; Benson v. City of Akron (Jan. 25, 1999), Summit App. No. 19076, unreported; Carey v. Bosch (Jan. 27, 1999), Summit App. No. 19102, unreported; Burley v. Bibbo, supra.
We acknowledge that this decision conflicts with that of the Fourth District Court of Appeals in Lutz v. Hocking TechnicalCollege (May 18, 1999), Athens App. No. 98CA12. The Lutz court, particularly the concurring opinion authored by Judge Milligan, recognizes the conflict, but explains that it has adopted a broad interpretation of the aforementioned statutes because political subdivisions should not be forced to devote substantial time and resources to defend an action, "only to have an appellate court determine after trial that they were immune from suit all along." While this may be a valid policy consideration, we find that the legislature's expansion of appellate jurisdiction should be narrowly construed to comport with the language of the statute. Furthermore, if material issues of fact remain, it is no more possible for this court to resolve the issue of immunity than it was for the trial court.
Appellant's remaining assignments of error assert that the trial court erred in denying summary judgment because Slagle's actions were privileged; Appellee's evidence is speculative; and Slagle, as agent to the Board, could not interfere with a county contract. This court is compelled to mention that even if a denial of the benefit of an alleged immunity had occurred in this case, the disposition of these supplemental issues would not be properly before this court. Indeed, even the Lutz court stated that its broad interpretation of the interlocutory appeal statutes was limited to the issue of immunity.
Having found that this court is without jurisdiction to decide the merits of this case due to the fact that a final, appealable order has not been rendered by the trial court, the instant appeal is hereby dismissed.
Appeal dismissed.
 HADLEY, J., concurs.
SHAW, J., dissents.