DECISION AND JOURNAL ENTRY
Appellant, Deputy Michael E. Jones ("Deputy Jones")[1] appeals from the decision of the Summit County Court of Common Pleas that denied him summary judgment in a civil suit brought against him by Appellees, Jimmy Schroeder and Francis Schroeder ("Schroeder"). This Court affirms.
Deputy Jones and Deputy John Doe arrested Schroeder after observing an altercation between Schroeder and her husband. Schroeder claims the officers intentionally shut the door of the police car on her leg during the arrest, which resulted in injuries to her knee. The officers deny this allegation. Schroeder was charged with disorderly conduct and resisting arrest. The Barberton Municipal Court found her guilty of disorderly conduct.
The Schroeders filed a complaint against Deputy Jones, Deputy John Doe, the Summit County Sheriff, and the Summit County Sheriff's Department ("Appellants") alleging false arrest, malicious prosecution and personal injuries. Appellants filed a motion for summary judgment on all claims. The trial court granted summary judgment for the Sheriff and the Sheriff's Department on all claims and two of the three claims against the deputies. The remaining claim is for personal injuries against Deputy Jones and Deputy John Doe. Deputy Jones timely appealed and has raised one assignment of error for review.
In his sole assignment of error, Deputy Jones argues that he was acting within the scope of his official duties during Schroeder's arrest and is immune from liability under R.C. 2744. This court is required to raise jurisdictional issues involving final appealable orders sua sponte and, as a result, we must do so and dismiss the instant appeal. See In reMurray (1990), 52 Ohio St.3d 155, 159-160, at fn. 2; Whitaker-Merrellv. Geupel Co. (1972), 29 Ohio St.2d 184, 186.
Although a decision denying a motion for summary judgment is generally not a final, appealable order, Deputy Jones has attempted to appeal in this case pursuant to R.C. 2744.02(C). R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of the law is a final order."[2]
We have previously held that there is a distinction to be drawn between the denial of sovereign immunity as a matter of law and the denial of a summary judgment when there are material issues of fact with respect to whether sovereign immunity exists. See Brown v. Akron Bd. of Edn. (1998), 129 Ohio App.3d 352, 358; accord Carey v. Bosch (Jan. 27, 1999), Summit App. No. 18808, unreported, at *5. Here, we are not yet faced with an order denying immunity. Rather, at this time, there is only a denial of a motion for summary judgment based on a finding that material issues of fact must first be resolved to determine whether immunity is applicable. While the legal issues surrounding an immunity claim are often difficult to separate from the factual issues, in this case, the trial court properly found that there were genuine disputed issues of fact that would preclude the court from finding that Deputy Jones was immune as a matter of law.
Therefore, we conclude that this order cannot be characterized as a final, appealable order. Immunity has not yet been denied, since it has not yet been determined if immunity should even be an issue. Accordingly, this Court does not have jurisdiction over Deputy Jones' attempted appeal, and this matter is dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
 ___________________________ LYNN C. SLABY
WHITMORE, J., CONCURS.
[1] Appellees also named Deputy John Doe as a defendant. While Deputy Doe was later identified by Appellee as Deputy D. Harris, Appellee has not taken appropriate steps to identify him as a party to this action. Therefore, we will only address Appellee's claims with respect to Deputy Jones.
[2] R.C. 2744.02(C) was amended, effective January 27, 1997, as part of Am. Sub. H.B. No. 350. In State ex rel. Ohio Academy of Trial Lawyersv. Sheward (1999), 86 Ohio St.3d 451, the Supreme Court of Ohio declared House Bill 350 unconstitutional in its entirety because it violated the one-subject provision of Section 15(D), Article II of the Ohio Constitution. R.C. 2744.02(C) was amended and re-enacted in its entirety as part of House Bill 215, effective June 30, 1997. The constitutionality of H.B. 215 has not been attacked.