MEMORANDUM OPINION
{¶ 1} Appellant, City of Hubbard ("City"), appeals from the trial court's judgment entry denying its motion to dismiss. We dismiss this appeal for lack of a final appealable order.
 {¶ 2} On July 21, 2003, appellee, Dolores Pannunzio, filed an action in the Girard Municipal Court, Small Claims Division. Appellee sought "to recover out of pocket expenses for water damage in the basement of my sister's home, while I was executrix of the estate. They said the claim was not their fault, but did pay the next door neighbor who also had 3 floodings [sic] in 1½ mos. Our tests showed it was not the fault of the houses."
 {¶ 3} Upon the City's motion, the case was transferred to the municipal court's regular docket on August 23, 2003. On September 12, 2003, the City filed a motion to dismiss pursuant to Civ.R. 12(B)(6) contending primarily that it was immune from liability under R.C. 2744 et seq. The municipal court denied the City's motion. The City appealed from the trial court's denial of its motion to dismiss asserting one assignment of error: "The [t]rial [c]ourt erred in denying [d]efendant/[a]ppellant's motion to dismiss."
 {¶ 4} Before reaching the merits of the City's appeal, we must determine whether the judgment appealed from is a final appealable order. We conclude that it is not.
 {¶ 5} Generally, the denial of a motion to dismiss is not a final appealable order. Shane v. Tracy (Aug. 24, 2000), 8th Dist. No. 77025, 2000 WL 1222016, 2, citing Lakewood v. Pfeifer
(1992), 83 Ohio App.3d 47, 50. However, with the enactment of S.B. 106, which became effective April 9, 2003, R.C. 2744.02(C) provides, "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."
 {¶ 6} We have previously held that this section applies only to causes of action that accrued on or after the effective date of S.B. 106, i.e., April 9, 2003. Oliver v. Phelps, 11th Dist. No. 2003-T-0184, 2004-Ohio-2787, ¶ 4.
 {¶ 7} The complaint in this case was filed July 21, 2003; however, the parties have stipulated that the flood damage at issue occurred on May 7, 2002. Therefore, because the cause of action accrued before April 9, 2003, the trial court's denial of the City's motion to dismiss does not constitute a final appealable order. For the foregoing reasons, this appeal is dismissed sua sponte for lack of a final appealable order.
Ford, P.J., Christley, J., concur.