OPINION
{¶ 1} Defendant-appellant, the city of Hamilton, appeals a decision of the Butler County Court of Common Pleas, denying its motion for summary judgment in a negligence suit.[1] We dismiss the appeal for lack of jurisdiction.
 {¶ 2} In August 1999, the city of Hamilton was in the process of expanding and repaving New London Road. The city was also replacing the water main lines which run under the road. Gaston Bowling, Inc. was awarded the contract to replace the water lines.
 {¶ 3} On August 17, 1999, Robert Scalf, a Gaston Bowling employee, was unloading pipe from a flatbed truck. The truck was parked partially off the roadway. Joshua Hann was traveling on New London Road and struck the flatbed with his vehicle, causing Scalf to fall. There were no signs posted advising drivers that the road was either closed or blocked. Both Scalf and Hann suffered injuries as a result of the collision. Both brought suit against Hamilton alleging that the city was negligent for failing to erect proper signs warning of the construction and the truck blocking the roadway, and that the city was negligent for failing to keep the road open in a safe condition.
 {¶ 4} Hamilton moved for summary judgment, asserting that it was entitled to statutory immunity pursuant to R.C. Chapter 2744, the Political Subdivision Tort Liability Act. Within that chapter, R.C. 2744.02 provides that, subject to certain enumerated exceptions, a political subdivision, such as the city, is generally not liable for damages from injury, death, or loss to persons or property incurred in connection with the performance of a governmental or propriety function of the political subdivision.
 {¶ 5} The trial court denied the motion for summary judgment concluding that the city was not entitled to immunity. Hamilton appeals, raising a single assignment of error arguing that the trial court erred by denying the city's motion for summary judgment.
 {¶ 6} This court's appellate jurisdiction is limited to the review of "judgments or final orders" of lower courts. Section3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; Stevens v.Ackman, 91 Ohio St.3d 182, 185, 2001-Ohio-249. If the order appealed from is not a final appealable order under R.C. 2505.02, this court is without jurisdiction to entertain the appeal and must dismiss it without reaching the merits. Stevens at 186.
 {¶ 7} Generally, the denial of a motion for summary judgment does not constitute a final appealable order under R.C. 2505.02, and is thus not subject to immediate appeal. Id.; Celebrezze v.Netzley (1990), 51 Ohio St.3d 89. In accord with the general rule, the denial of a summary judgment motion is generally not final and appealable where, as here, the motion is premised upon the assertion of immunity from liability. See Stevens. Even if a trial court includes Civ.R. 54(B) language, its otherwise nonfinal order denying summary judgment does not become a final appealable order. Jackson v. City of Columbus,156 Ohio App.3d 114, 2004-Ohio-546, ¶ 9, citing Noble v. Colwell (1989),44 Ohio St.3d 92, 95-97.
 {¶ 8} The trial court's decision directly states that it is a "final appealable order," and cites as authority R.C. 2744.02(C), which provides that an order denying immunity to a political subdivision "is a final order." Paragraph (C) was added to R.C.2744.02 in the Ohio legislature's enactment of 2000 S.B. No. 106 ("S.B. 106"), effective April 9, 2003. Pursuant to S.B. 106, R.C.2744.02(C) was amended to state:
 {¶ 9} "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."
 {¶ 10} However, this statute is inapplicable in the instant case. Statutes are presumed to be prospective in operation "unless expressly made retrospective." Bielat v. Bielat,87 Ohio St.3d 350, 353, 2000-Ohio-451. In enacting S.B. 106, the legislature did not express any intent that R.C. 2744.02(C) is to operate retroactively; nor did it indicate that R.C. 2744.02, as amended, applies to pending cases in which the cause of action accrued prior to the effective date of the Act. Jackson at ¶ 13. To the contrary, in uncodified law in Section 3 of S.B. 106, the General Assembly specifically stated that R.C. 2744.02 and other statutes "as amended by this act, apply only to causes ofaction that accrue on or after the effective date of this act.
Any cause of action that accrues prior to the effective date of this act is governed by the law in effect when the cause of action accrued." (Emphasis added.)
 {¶ 11} The legislative statements contained in Section 3 of S.B. No. 106 unequivocally express the legislative intent that R.C. 2744.02(C) is to operate prospectively, not retroactively, and is to apply to a plaintiff's cause of action that accrues on or after, not before, the effective date of the Act. Jackson at ¶ 13.
 {¶ 12} Appellees' cause of action for civil damages against the city accrued in August 1999, when the accident occurred. The complaint was filed in August 2001, well before the April 9, 2003 effective date of R.C. 2744.02(C) as amended by S.B. 106. Because the instant cause of action for civil damages accrued prior to the effective date of R.C. 2744.02(C), the statute does not provide a jurisdictional basis for this court to consider the merits of the city's appeal. There is no other legal basis to permit the appeal of the denial of summary judgment in this instance. See Stevens.
 {¶ 13} Because this court does not have jurisdiction to consider the present matter, the appeal is dismissed.
Young, P.J., and Valen, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.