OPINION
{¶ 1} Third-party defendant-appellant City of Logan appeals the July 19, 2004 Judgment Entry of the Perry County Court of Common Pleas denying the City's motion for summary judgment against third-party plaintiff-appellee Olive J. Peyton and David Peyton.
 STATEMENT OF THE CASE {¶ 2} On September 29, 1998, Elizabeth and Lucas Wright were involved in a traffic accident caused by third-party plaintiffs Olive and David Peyton. The Wrights initiated this action for the injuries suffered as a result of the accident. On April 1, 2002, the Wrights voluntarily dismissed the action pursuant to Civil Rule 41(A). The action was re-filed on March 31, 2003, at which time the Peytons filed a third-party complaint against the City of Logan, seeking indemnification for any damages they were required to pay to the Wrights.
 {¶ 3} On July 15, 2004, the City of Logan filed a motion for summary judgment asserting immunity pursuant to R.C. 2744.02. The trial court denied the motion, via Judgment Entry, on July 19, 2004.
 {¶ 4} It is from the July 19, 2004 Judgment Entry the City of Logan now appeals, assigning as error:
 ASSIGNMENTS OF ERROR {¶ 5} "I. AS A MATTER OF LAW, THE "NUISANCE" EXCEPTION TO IMMUNITY FOUND IN R.C. 2744.02(B)(3) IS NOT APPLICABLE IN A CASE WHERE THE CLAIMANT ALLEGES THAT AN INTERSECTION AND/OR TRAFFIC SIGNAL AT THE INTERSECTION WERE POORLY DESIGNED.
 {¶ 6} "II. A CLEAR AND UNAMBIGUOUS RELEASE SIGNED IN FAVOR OF A TORTFEASOR IN A NEGLIGENCE ACTION BARS A SUBSEQUENT LAWSUIT BY THE RELEASOR AGAINST THE TORTFEASOR IN AN ACTION FOR INDEMNITY WHEN THE RELEASOR IS SUED BY ANOTHER PERSON AND THE RELEASE SIGNED BY APPELLEE IN CONNECTION WITH HER PRIOR NEGLIGENCE ACTION AGAINST APPELLANT IS CLEAR AND UNAMBIGUOUS AS TO ITS TERMS."
 {¶ 7} As a general rule, the denial of a motion for summary judgment does not constitute a final appealable order under R.C. 2505.02(C). However, Ohio General Assembly enacted an exception to the general rule in R.C. 2744.02(C), which provides:
 {¶ 8} "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."
 {¶ 9} Pertinent to the case sub judice, Subsection C of R.C. 2744.02
was not enacted until January 8, 2003, and did not go into effect until April 9, 2003. The accident in this case occurred on September 29, 1998. Upon review, the General Assembly did not expressly provide for the statute to apply retroactively, and numerous courts of appeals have examined the issue, and concluded R.C. 2744.02(C) does not apply retroactively where the cause of action accrued prior to the effective date of the statute section. See, Martynzszyn v. Budd (7th Dist. 8-31-04), 2004-Ohio-4824; Dolis v. City of Tallmadge (9th Dist. 8-25-04), 2004-Ohio-4454; Pallunizio v. City of Hubbard (11th Dist. 7-19-04), 2004-Ohio-3930; Jackson v. City of Columbus (10th Dist. 2-3-04), 2004-Ohio-546. We agree with the decision reached by these courts. Accordingly, we find the July 19, 2004 Judgment Entry of the Perry County Court of Common Pleas is not a final appealable order.
 {¶ 10} Therefore, appellant's appeal from the July 19, 2004 Judgment Entry denying the City of Logan's motion for summary judgment based upon an alleged immunity is hereby dismissed.
By: Hoffman, P.J., Wise, J., and Edwards, J., concur.
For the reason stated in our accompanying Memorandum-Opinion, the within appeal is dismissed. Costs assessed to appellant.