DECISION AND JUDGMENT ENTRY
{¶ 1} Portsmouth Police Department/City of Portsmouth, New Boston Police Department/Village of New Boston, and Scioto County Sheriff's Department/Scioto County appeal the trial court's denial of summary judgment to appellants on various state and federal claims brought against them by Teresa Blankenship and Buckeye Bail Bonds, LLC (together, "Blankenship").[1]
Because the order appealed is not a final appealable order, this court lacks jurisdiction to consider the merits of this appeal.
 {¶ 2} Blankenship filed a complaint against appellants on July 15, 2003, amended August 5, 2003, alleging various state and federal claims including retaliation, infliction of emotional distress, interference with contractual relationships, violation of substantive and procedural due process, and denial of equal protection. Appellants moved the trial court for summary judgment under Civ.R. 56, arguing (1) they are entitled to statutory immunity accorded to political subdivisions under R.C.2744.02(A)(1) on Blankenship's state law claims, and (2) Blankenship failed to present evidence to establish the elements of any of her state and federal law claims. Finding that genuine issues of material fact exist regarding the claims, the trial court denied appellants' summary judgment motions. Appellants filed an appeal with this court under R.C. 2744.02(C) seeking review of the trial court's order denying them summary judgment.
 {¶ 3} This court's appellate jurisdiction is limited to the review of "judgments or final orders." Section 3(B)(2), ArticleIV, Ohio Constitution; R.C. 2501.02; Stevens v. Ackman (2001),91 Ohio St.3d 182, 185. If the order appealed from is not a final appealable order under R.C. 2505.02, this court is without jurisdiction to entertain the appeal and must dismiss it without reaching the merits. Stevens, at 186.
 {¶ 4} Generally, the denial of a motion for summary judgment does not constitute a final appealable order under R.C. 2505.02
and thus is not subject to immediate appeal. Celebrezze v.Netzley (1990), 51 Ohio St.3d 89; Stevens, supra. However, an exception to the general rule is provided in R.C. 2744.02(C), enacted by 2000 S.B. No. 106 ("S.B. 106"), effective April 9, 2003. R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."
 {¶ 5} Appellants rely on that statute as the jurisdictional basis for their appeal. However, R.C. 2744.02(C) applies only to causes of action that accrued on or after April 9, 2003, the effective date of S.B. 106. See, Jackson v. City of Columbus,156 Ohio App.3d 114, 2004-Ohio-546; Wright v. Peyton, Perry App. No. 04CA17, 2005-Ohio-5468; Scalf v. Hann, Butler App. No. CA2004-02-040, 2004-Ohio-4838; Martynyszyn v. Budd, Mahoning App. No. 03-MA-250, 2004-Ohio-4824; Dolis v. City of Tallmadge,
Summit App. No. 21803, 2004-Ohio-4454; Pannunizio v. City ofHubbard, Trumbull App. No. 2003-T-0143, 2004-Ohio-3930; Oliverv. Phelps, Trumbull App. No. 2003-T-0184, 2004-Ohio-2787.
 {¶ 6} The record here indicates Blankenship's causes of action accrued prior to R.C. 2744.02(C)'s effective date. The complaint alleges that her claims are based on acts that occurred "since in or about September 2002" and one incident that occurred on or about March 26, 2003. Because the record does not reflect that Blankenship's causes of action accrued after April 9, 2003, the statute does not provide a jurisdictional basis for this court to consider the merits of appellants appeal. There is no other legal basis to permit the appeal of the denial of summary judgment in this instance. See, Stevens; Jackson; Scalf, supra. See, also, Konstand v. Barberton, Summit App. No. 21651,2003-Ohio-7187 (holding that an order denying summary judgment because material issue of fact exist with respect to immunity is not a final appealable order).
 {¶ 7} Accordingly, because this court does not have jurisdiction to consider defendants' appeal under R.C. 2744.02(C) or R.C. 2502.02, the appeal is hereby dismissed.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] For purposes of our decision, we have consolidated appellants' separate appeals to this court.