JOURNAL ENTRY and OPINION
{¶ 1} Defendants-appellants the Cleveland Municipal School District, Cleveland Board of Education, and "Board of Education Paul Revere School" appeal from the trial court order that denied their motion for summary judgment with respect to the personal injury claim filed against them by plaintiff-appellee Michelle Vaughn.
 {¶ 2} Appellants assert that appellee's claim was barred pursuant to the immunity contained in R.C. 2744.02(A). Appellants additionally assert that, even if appellee's claim is not barred by R.C. 2744.02(A), the Board of Education was not a proper party to the proceeding.
 {¶ 3} Since a review of the record demonstrates the trial court's decision was not a final appealable order, however, this court lacks jurisdiction to consider appellants' assertions. Consequently, this appeal is dismissed.
 {¶ 4} The record reflects appellee filed this action against appellees for an injury she sustained on February 10, 2004. According to her amended complaint, she was walking on the sidewalk in front of the Cleveland Paul Revere Elementary School when she fell due to an "unnatural accumulation" of ice which resulted from appellants' "negligent and/or wanton and reckless" snow shoveling and salting of the sidewalk area.
 {¶ 5} Appellants filed a joint answer in which they denied liability based upon, inter alia, the immunity set forth in R.C.2744.02(A). Subsequently, appellants filed a motion for summary judgment with respect to appellee's personal injury claim.
 {¶ 6} Appellants presented three arguments in its motion: 1) the Board of Education was not a proper party; 2) the School District was entitled to immunity from appellee's claim pursuant to R.C. 2744.02(A) because no exception applied; and 3) even if an exception applied, the District owed no common law duty to appellee to protect her from an accumulation of ice and snow on the sidewalk. Contemporaneously with their motion, appellants filed a transcript of appellee's deposition testimony.
 {¶ 7} Appellee responded with a brief in opposition. She attached her affidavit, in which she stated that she fell off of the edge of the sidewalk in front of the school. She further stated that she could not see the steep 5-6 inch "drop-off" that existed between the sidewalk's edge and the parking area because it was obscured and rendered more dangerous by an accumulation of ice that had resulted from the way the snow had been shoveled. In order to illustrate, she provided a photograph of the area of her fall. She also attached a copy of a computer screen display which indicated the Board was the record title owner of the school property.
 {¶ 8} Appellants filed a reply brief and requested the trial court to "strike" appellee's affidavit, charging that it contradicted her deposition testimony. They additionally provided a copy of appellee's responses to their interrogatories.
 {¶ 9} Ultimately, the trial court issued a judgment entry which stated: "[Appellants'] motion for summary judgment * * * is hereby denied."
 {¶ 10} Appellants filed a notice of appeal from the foregoing order.
 {¶ 11} They present the following two assignments of error for review:
 {¶ 12} "I. The Lower Court erred in denying immunity to the Cleveland Municipal School District as Appellee's deposition testimony did not establish that her injury was attributable to a physical defect.
 {¶ 13} "II. The Lower Court erred in denying summary judgment to the Cleveland Board of Education as claims involving tort actions covered by Chapter 2744 R.C. can only be maintained against a school district."
 {¶ 14} In order to address appellants' assignments of error, this court first must determine whether appellate jurisdiction exists. A comparison of the facts of this case with the Ohio Supreme Court's recent decision in State Auto. Mut. Ins. Co. v.Titanium Metals Corp., 108 Ohio St.3d 540, 2006-Ohio-1713, compels this court to conclude it does not.
 {¶ 15} Ordinarily, the denial of a motion for summary judgment does not constitute a final appealable order and is therefore not subject to immediate appeal. R.C. 2505.02;Celebrezze v. Netzley (1990), 51 Ohio St.3d 89.
 {¶ 16} Appellants filed this appeal pursuant to R.C.2744.02(C), which states that an order "that denies a political subdivision * * * the benefit of an alleged immunity from liability as provided in this chapter * * * is a final order."
 {¶ 17} Since this provision was passed, Ohio appellate courts have debated its applicability to orders that previously were not considered final. Recently, the Fourth Appellate District declined to apply the provision to the denial of a motion for summary judgment filed by several governmental entities, on the basis that the plaintiff's cause of action accrued prior to its April 9, 2003 effective date. Blankenship v. Portsmouth PoliceDept., Scioto App. Nos. 05CA2999, 3001, 3003, 2006-Ohio-1617; cf., Titanium Metals, supra at ¶ 9.
 {¶ 18} On the other hand, the Fifth Appellate District has determined that R.C. 2744.02(C) is applicable to make the denial of a motion for summary judgment a final order for purposes of appeal. Thus, in Cunningham v. Allender, Stark App. No. 2004CA00337, 2005-Ohio-1935, a divided court addressed the merits of the appeal by concluding that "if" the plaintiff could establish the facts of her claim against the county's Board of Commissioners, "immunity would not be applicable" under one of the exceptions to R.C. 2744.02(A).
 {¶ 19} Similarly, in The Paul C. Harger Trust v. Morrow Cty.Regional Planning Comm., Morrow App. No. 03-CA-19,2004-Ohio-6643, that same court held that a trial court's journal entry that denied a Civ.R. 12(C) motion for judgment on the pleadings "was a final, appealable order to the extent it denied immunity to" the county.
 {¶ 20} This court followed the same path. Thus, in StateAuto. Mut. Ins. Co. v. Titanium Metals Corp.,159 Ohio App.3d 338, 2004-Ohio-6618, this court discussed at length the merits of a trial court's Civ.R. 12(B)(6) dismissal pursuant to a claim of immunity, on the presumption that the order immediately was appealable pursuant to R.C. 2744.02(C). Unfortunately, as previously stated, that decision recently was overruled by the Ohio Supreme Court in Titanium Metals, supra; the Fifth District's approach, by implication therefore, also is rejected.
 {¶ 21} In relevant part, the Supreme Court reminded this court that an order must be final before it can be reviewed, because an appellate court has no jurisdiction over non-final orders. Id. at ¶ 8. The court held the trial court's order inTitanium Metals lacked finality because it: 1) provided "no explanation for its decision to deny the motion to dismiss," 2) made "no determination as to whether immunity applied," 3) failed to state whether there was an exception to immunity," and, further, 4) failed to determine whether R.C. 2744.05(B)(1) applied to another issue raised. Id. at ¶ 10. Under these circumstances, this court's consideration of the "issue of immunity" was "premature."
 {¶ 22} The same problem exists in the instant case. The trial court's order neither provides an explanation nor refers at all to the immunity provided by R.C. 2744.02(A), the exceptions to that immunity, or any of the potential defenses to an exception. In spite of the fact that, unlike the record in TitaniumMetals, the record in this case was further "developed" because the parties presented evidence in conjunction with the motion for summary judgment, the trial court failed to evaluate that evidence. See, e.g., Peretto v. Baron, Cuyahoga App. Nos. 81796, 81809, 2003-Ohio-3352, ¶ 42-45.
 {¶ 23} The situation in this case thus contrasts with the situation presented to the appellate court in Frederick v.Vinton Cty. Bd. Of Edn., Vinton App. No. 03CA579, 2004-Ohio-550. Therein, the trial court made a detailed analysis of the motion for summary judgment, which analysis, in turn, provided a basis for appellate review.
 {¶ 24} After reviewing the trial court's order in the instant case, therefore, in light of both the Supreme Court's decision inTitanium Metals and the opinion in Frederick, this court concludes the trial court's journal entry did not constitute a final order.
 {¶ 25} Accordingly, this appeal is dismissed.
It is ordered that appellee recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. and Sweeney, P.J. concur.