MEMORANDUM OPINION
{¶ 1} On April 25, 2006, appellant, Southington Local School District Board of Education, filed notices of appeal with this court from an April 9, 2004 judgment and an April 3, 2006 judgment of the Trumbull County Court of Common Pleas.
 {¶ 2} In the April 9, 2004 judgment, the trial court ordered that case numbers 2003 CV 2846 and 2004 CV 196 be consolidated. In the April 3, 2006 judgment entry, the trial court denied appellant's motion for summary judgment indicating that there were a multitude of questions of fact that existed. It is from those entries that appellant filed its notices of appeal on April 25, 2006.
 {¶ 3} On May 3, 2006, appellees, Samantha Alden, Joe Alden, and Pam Alden, filed a motion to dismiss the appeals. In that motion, appellees claim that the denial of appellant's summary judgment was based on the existence of genuine issues of facts and not based on a legal question of immunity. Furthermore, appellees assert that even if the consolidation of the cases was a final, appealable order, the appeal of that judgment was filed beyond the time limit allowed in which to file an appeal pursuant to App.R. 4(A). Appellant filed its brief in opposition to appellees' motion on May 15, 2006. In its brief, appellant posits that it is entitled to an immediate appeal under R.C. 2744.02(C).
 {¶ 4} Appellant appealed the trial court's decision of April 9, 2004 to consolidate case numbers 2003 CV 2846 with 2004 CV 196 on April 25, 2006, which was over two years after the trial court issued its judgment entry. In addition, even if it had been appealed in a timely fashion, an order consolidating two cases is not a final, appealable order under any part of R.C. 2505.02, and cannot be appealed until the case is decided in the trial court.
 {¶ 5} As for the trial court order of April 3, 2006, Section3(B)(2), Article IV of the Ohio Constitution limits the jurisdiction of an appellate court to the review of final judgments of lower courts. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. Generally, the denial of a motion for summary judgment is not a final appealable order.State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23,23. Yet, the denial of a motion for summary judgment is always reviewable on an appeal from a subsequent final judgment.Sagenich v. Erie Ins. Group (Dec. 12, 2003), 11th Dist. No. 2003-T-0144, 2003 WL 22952586, at ¶ 3.
 {¶ 6} Here, appellant has attempted to appeal the denial of summary judgment pursuant to R.C. 2744.02(C), which provides:
 {¶ 7} "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."
 {¶ 8} However, a decision dealing solely with the "fact-related legal issues that underlie [a] plaintiff's claim on the merits" is not a final appealable order within the meaning of R.C. 2744.02(C). Brown v. Akron Bd. of Edn. (1998),129 Ohio App.3d 352, 358. Furthermore, the decision denying summary judgment was not an order denying appellant immunity. Rather, the decision indicates that material issues of fact remain with respect to whether immunity exists. See Burley v. Bibbo (1999),135 Ohio App.3d 527, 528-29.
 {¶ 9} Based upon the foregoing analysis, appellees' motion to dismiss is granted, and these appeals are dismissed due to lack of a final appealable order.
 {¶ 10} Appeals dismissed.
Donald R. Ford, P.J., Colleen M. O'Toole, J., concur.