DECISION AND JUDGMENT ENTRY
Appellee, the Estate of Jillian Marie Graves (the "Estate"), has filed a motion to dismiss this appeal on the ground that the trial court's judgment entry denying summary judgment to Appellants Peter Shaw, William J. Eversole, Benjamin E. Carpenter and John/Jane Doe Officers of the Circleville Police Department (collectively, the "Officers") is not a final appealable order. For the reasons that follow, the Estate's motion to dismiss is GRANTED.
On July 4, 2003, the Officers arrested Cornelius Copley for operating a motor vehicle under the influence of alcohol and/or drugs, driving under a suspended license, hit and run, and failing to maintain control of his vehicle within the proper marked lanes. Upon his arrest, the Officers impounded Copley's vehicle at a privately owned lot. The following day, the Officers allowed Copley to retrieve his vehicle from the lot — allegedly in violation of the Revised Code and Circleville Police Department policy which mandated that the car remain impounded at least until the driver's initial court appearance. [D1]
On July 6, 2003, Copley again became intoxicated and drove his vehicle. This time, Copley collided with a vehicle being driven by Jillian Graves and she died as a result of the injuries sustained in the accident. The Estate filed a lawsuit against the City of Circleville, the Officers, and the impound lot, alleging causes of action for negligence, wrongful death, Graves' pain and suffering before her death, and respondeat superior. The trial court granted summary judgment in favor of the impound lot and the Estate did not appeal this judgment. The court also found that the City of Circleville and the Officers were entitled to immunity and granted their motions for judgment on the pleadings pursuant to Civ.R. 12(C). The Estate appealed these rulings.
On appeal, this Court affirmed the trial court's finding that the City was entitled to immunity. However, we overturned the trial court's judgment in favor of the Officers and found that the Estate had alleged sufficient facts which, if proven, could overcome the Officers' immunity based on a finding that they acted wantonly, recklessly, or with complete disregard for the foreseeable consequences of their actions in releasing Copley's vehicle to him. Estate of Graves v. City ofCircleville, Ross App. No. 04CA2774, 2005-Ohio-929.
After the case was remanded to the trial court, the Officers filed a motion for summary judgment asserting that there was no genuine issue of material fact as to whether they are entitled to immunity. The trial court denied the motion, concluding that there is a genuine issue of material fact as to whether the Officers acted in a wanton and reckless manner.
The Officers filed a notice of appeal from this judgment entry and the Estate has filed a motion to dismiss the appeal on the ground that the court's denial of the summary judgment motion is not a final appealable order. It is well established that an order must be final before it can be reviewed by an appellate court. See Section 3(B)(2), Article IV of the Ohio Constitution. See, also, General Acc. Ins. Co. v. Insurance Co.of North America (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal.Lisath v. Cochran (Apr. 14, 1993), Lawrence App. No. 92CA25; In reChristian (July 22, 1992), Athens App. No. 1507.
The Officers argue that the entry denying them summary judgment is a final appealable order pursuant to R.C. 2744.02(C), which states:
 [A]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744 or any other provision of the law is a final order.
They contend that the trial court's entry denying them summary judgment on their claim that they are immune from liability is an entry that denies them the benefit of an alleged immunity and, therefore, is a final order. The Estate contends that the court's judgment does not deny the Officers immunity, it simply holds that there is a genuine issue of material fact as to whether they are entitled to immunity, so R.C.2744.02(C) does not apply.
In Lutz v. Hocking Technical College (May 18, 1999), Athens App. No. 98CA12, this Court concluded that a trial court's denial of summary judgment after finding that there was a genuine issue of material fact as to whether the defendants were protected by statutory immunity is a final appealable order under R.C. 2744.02(C). In reaching this conclusion, we noted that the legislative purpose of R.C. 27440.02(C) is to allow political subdivisions and employees to immediately appeal the denial of an immunity and that immediate appeal may help prevent political subdivisions from devoting time and resources to defending a suit when an appellate court later determines that they were immune from suit all along.
The Officers argue that we should follow our holding in Lutz and find that the trial court's denial of their motion for summary judgment on the issue of immunity constitutes a final appealable order. The Estate argues that the Ohio Supreme Court's recent decision in State Auto. Mut.Ins. Co. v. Titanium Metals Corp., 108 Ohio St.3d 540, 2006-Ohio-1713,844 N.E.2d 1199, is relevant here and we should follow its holding that not all orders denying judgment on immunity grounds are immediately appealable.
In Titanium Metals, a third-party complaint was filed against the Oakwood Village Fire Department and the Village's then fire chief. Oakwood Village filed a motion to dismiss the third-party complaint pursuant to Civ.R. 12(B)(6) on the ground that it was immune from liability under R.C. 2744. The trial court denied the motion and Oakwood Village appealed under R.C. 2744(C). The court of appeals affirmed the trial court's decision and Oakwood Village appealed to the Ohio Supreme Court.
The Ohio Supreme Court concluded that the appellate court lacked jurisdiction to consider the appeal because the trial court's journal entry was not a final, appealable order, and vacated the judgment of the court of appeals. The Court noted that:
 * * * The trial court provided no explanation for its decision to deny the motion to dismiss. The court made no determination as to whether immunity applied, whether there was an exception to immunity, or whether R.C. 2744.05(B)(1) precludes contribution as the basis for its decision. The court did not dispose of the case.
 At this juncture, the record is devoid of evidence to adjudicate the issue of immunity because it contains nothing more than Ohio Briquetting's third-party complaint and Oakwood's Civ.R. 12(B)(6) motion to dismiss. No factfinding or discovery has occurred. The trial court's denial of the motion to dismiss merely determined that the complaint asserted sufficient facts to state a cause of action.
 * * *
Id. at ¶¶ 10-11.
The facts in this case are distinguishable from those in TitaniumMetals in several ways. First, the trial court here explained why summary judgment was not warranted, i.e. the plaintiff presented sufficient evidence to demonstrate that a genuine issue of material fact existed as to whether the Officers acted wantonly or recklessly. Second, the court specifically found that immunity applied, but concluded that there was an issue as to whether the exception to immunity based on evidence of reckless or wanton conduct applied. Finally, the record in this case is much further developed than in Titanium Metals as this case involves a summary judgment motion rather than a Civ.R. 12(B)(6) motion.
Since the Ohio Supreme Court's ruling in Titanium Metals, three appellate courts have held that the denial of summary judgment on the issue of whether a defendant is immune from liability is not immediately appealable under R.C. 2744.02(C). In Vaughn v. Cleveland MunicipalSchool District, Cuyahoga App. No. 86848, 2006-Ohio-2572, the Eighth District Court of Appeals recognized that it had previously found that R.C. 2744.02(C) renders the denial of a motion for summary judgment on immunity grounds a final order for purposes of appeal. After examining the Ohio Supreme Court's decision in Titanium Metals, the court concluded that:
 [t]he same problem exists in the instant case. The trial court's order neither provides an explanation nor refers at all to the immunity provided by R.C. 2744.02(A), the exception to that immunity, or any of the potential defenses to an exception. In spite of the fact that, unlike the record in Titanium Metals, the record in this case was further `developed' because the parties presented evidence in conjunction with the motion for summary judgment, the trial court failed to evaluate that evidence. * * *
Id. at ¶ 22. Vaughn is distinguishable from the facts before us because, as we already noted, the trial court provided an explanation for its decision and referred specifically to the immunity statute and the exceptions to that immunity.
In Alden v. Kovar, Trumbull App. Nos. 2006-T-0050 and 2006-T-0051,2006-Ohio-3400, the Eleventh District Court of Appeals held that the trial court's "decision denying summary judgment was not an order denying appellant immunity. Rather, the decision indicates that material issues of fact remain with respect to whether immunity exists." Id. at ¶ 8. Although Alden does not specifically mention the Ohio Supreme Court's holding in Titanium Metals, it reaches a different conclusion than we reached in Lutz. Specifically, Alden holds that a trial court's determination that a genuine issue of material fact exists as to whether a defendant is entitled to immunity is not a denial of the alleged benefit of immunity referred to in R.C. 2744.02(C).
Finally, in Hubbell v. City of Xenia, Greene App. No. 2005CA99, 2006-Ohio 3369, the Second District Court of Appeals recognized that it — like the Fourth District Court of Appeals — previously considered denials of summary judgment motions based on claims of immunity to be final, appealable orders when the trial court concluded that genuine issues of material fact existed. However, the court then rejected its previous position and concluded that the opposite result was better. The court stated that:
 * * * When the trial court denies a motion for summary judgment because it finds that there are genuine issues of material fact as to the government's immunity, the trial court has not yet adjudicated the issue of whether the political subdivision or its employee is entitled to the benefit of the alleged immunity. In other words, the trial court has concluded that the state of the record does not permit an adjudication of that issue due to the question of fact. In our view, a governmental entity or its employee is not denied the benefit of immunity until the issue of whether the government or its employee is entitled to immunity has been fully resolved.
 This approach has several benefits. First, this conservative construction of R.C. 2744.02(C) best serves the purpose of judicial economy. Generally, when a trial court concludes that there is a genuine issue of material fact concerning an issue — thus requiring more work for the trial court in the form of a trial on that issue — it is unusual for a reviewing appellate court to find, to the contrary, that there is no genuine issue of material fact. So, in the usual situation when an appellate court would agree that a factual question exists concerning governmental immunity, an immediate appeal would merely add an unnecessary appeal — with its attendant delay — to the litigation. Only in an unusual case would an immediate appeal conserve judicial resources by avoiding an ultimately unnecessary trial.
 Second, a narrow interpretation of R.C. 2744.02(C) would provide a simple, easily-applied test for determining whether an order that did not grant a request for immunity was immediately appealable. By limiting appeals under R.C. 2744.02(C) to those orders to which the court has determined, as a matter of law, that governmental immunity does not apply, the parties (and the court) can ascertain with minimal difficulty whether an order is immediately appealable. In contrast, if we were to interpret R.C. 2744.02(C) broadly, any order that failed to grant immunity when requested would raise the question of whether the case was in an appropriate procedural posture for appellate review.
 * * *
 Although the procedural posture of the present case makes it readily distinguishable from Titanium Metals Corp., Titanium Metals Corp. is instructive in that an order is not immediately appealable merely because the trial court denied a request for immunity. Although the trial court's order herein discussed whether the City of Xenia is entitled to immunity, and the court made that determination in response to summary judgment motions that were supported with evidence, we believe that the court's failure to resolve the immunity question likewise renders appellate review of the immunity issue premature. Until the trial court has denied the claim of immunity — as opposed to failing to grant the request for immunity at that time — the trial court has merely determined that there are questions of fact that need resolution before the immunity question can be fully addressed.
 We thus conclude that the trial court's decision denying summary judgment on the city's claim of immunity from liability is not a final, appealable order, pursuant to R.C. 2744.02(C). This appeal is dismissed.
Id. at ¶¶ 13-15, 21.
After careful consideration, we find that the Second District Court of Appeals' reasoning on this issue is sound. Although Titanium Metals may not explicitly require that we overrule our decision in Lutz, it is persuasive authority for the Estate's position that an entry that concludes that a genuine issue of material fact exists as to whether a defendant is entitled to immunity is not a final appealable order under R.C. 2744.02(C) because it does not actually deny the defendant the benefit of immunity. Therefore, we expressly overrule our holding inLutz to the extent it holds otherwise.
Because the judgment from which this appeal is taken does not constitute a final appealable order under R.C. 2744.02(C), we lack jurisdiction to consider the instant appeal. Thus, the Estate's motion to dismiss this appeal is GRANTED. Any pending motions areDENIED as moot. APPEAL DISMISSED. Costs to Appellants.
Kline, J.: Concurs.
McFarland, J.: Not Participating.
FOR THE COURT William H. Harsha, Presiding Judge