JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Village of Bentleyville and Officer Eric Enk ("Officer Enk"), appeal from the June 5, 2006 judgment of the Cuyahoga County Court of Common Pleas denying their motion for summary judgment. After reviewing the pertinent law, we dismiss the appeal. *Page 3 
 {¶ 2} Plaintiffs-appellees, Officer Edward Fogle ("Officer Fogle") of the Solon Police Department and his wife, Arleen Fogle, filed this action against appellants for injuries sustained by Officer Fogle in a motor vehicle accident. Appellants filed a joint answer in which they denied liability based upon immunity pursuant to Chapter 2744 of the Ohio Revised Code, and other defenses.
 {¶ 3} According to the record, on May 17, 2003 at approximately 1:45 a.m., Officer Enk, of the Bentleyville Police Department, was on duty when he struck Officer Fogel's police cruiser with his police cruiser. Officer Fogle was injured in the accident.
 {¶ 4} In his affidavit, Officer Fogle testified that when the accident occurred, he was responding to a call regarding an unoccupied automobile that was stopped in the middle lane of Route 422. Officer Fogle stated that he pulled behind the unoccupied vehicle and engaged his overhead strobe lights, rear strobe lights, and rear and front emergency flash lights. He was in his police cruiser when his vehicle was struck from behind by Officer Enk's police cruiser.
 {¶ 5} Officer Enk testified at his deposition that when the accident occurred, he was en route to pick up an inmate from the Euclid Police Department. Officer Enk stated that his assignment was considered an "emergency call." Officer Enk explained that he had been working two jobs and had been awake for nineteen hours when the accident occurred. According to Officer Enk, he was unaware that the particular stretch of highway, where the accident occurred, was a construction *Page 4 
zone and marked as a fifty m.p.h. zone. Officer Enk stated that he did notice construction taking place on the highway at the time of the accident. He also explained that when he was driving in the area of the accident, he had a hard time seeing because of the bright construction lights. Officer Enk further testified that he was driving at a safe speed, between fifty and fifty-five m.p.h.
 {¶ 6} Appellees hired an accident reconstructionist who investigated the accident and submitted a written report which stated that Officer Enk's speed was at least 66 m.p.h at impact.
 {¶ 7} Appellants filed a joint motion for summary judgment based upon political subdivision sovereign immunity set forth in R.C. 2744.02, arguing that they are immune from liability for a governmental function, and appellees filed a response.
 {¶ 8} Appellees maintain that Officer Enk was not performing an "emergency call," rather, his duty to pick up an inmate was classified as a priority two response. Therefore, appellees claim that Officer Enk was required to obey all traffic laws according to the policies and procedures of the Bentleyville Police Department. Appellees further argue that the bright lights from the construction, which interfered with Officer Enk's vision, and his lack of sleep, contributed to the accident. As such, there is a question of fact as to whether he drove willfully, wantonly, and recklessly.
 {¶ 9} The trial court issued a judgement entry which stated, "motion of [appellants'] (filed 11/15/05) for summary judgment is denied." It is from this *Page 5 
judgment that appellants filed a notice of an interlocutory appeal pursuant to R.C. 2744.02(C) and raise their sole assignment of error:
 {¶ 10} "The Trial Court committed reversal error when it denied Appellants' Motion for Summary Judgment based on immunity."
 {¶ 11} Appellees filed a motion to dismiss the appeal on June 12, 2006, claiming that this court does not have jurisdiction and appellants filed a brief in opposition on July 24, 2006.
 {¶ 12} Before we can address appellants' assignment of error, we must first determine whether appellate jurisdiction exists. "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." Gen. Acc. Ins. Co. v. Ins. Co. of N. Am. (1989),44 Ohio St.3d 17, 20.
 {¶ 13} Appellees assert that this court should dismiss the appeal for lack of jurisdiction because the trial court's judgement is not a final appealable order. Specifically, appellees contend that the trial court did not deny sovereign immunity as a matter of law. It merely determined that there is a genuine issue of material fact as to whether Officer Enk acted willfully, wantonly, and recklessly.
 {¶ 14} Conversely, appellants argue that this court has jurisdiction because they filed the appeal pursuant to R.C. 2744.02(C), which provides: "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability * * * is a final order." Thus, appellants maintain that *Page 6 
the trial court's decision constituted a denial of the benefit of immunity from liability and therefore, the decision was a final appealable order.
 {¶ 15} The exact question presented here is identical to the issue that we addressed in Vaughn v. Cleveland Mun. School Dist, 8th Dist. No. 86848, 2006-Ohio-2572. In Vaughn, appellants filed a motion for summary judgment arguing, inter alia, that they were entitled to immunity under R.C. 2744.02. The trial court denied the summary judgment motion without opinion.
 {¶ 16} Normally, the denial of summary judgment does not constitute a final appealable order. Vaughn at _15, citing R.C. 2502.02 andCelebrezze v. Netzley (1990), 51 Ohio St.3d 89. However, the appellants in Vaughn, as in the instant case, appealed the interlocutory order pursuant to R.C. 2744.02(C).
 {¶ 17} Since R.C. 2744.02(C) became effective on April 9, 2003, we explained in Vaughn how appellate courts "have debated its applicability to orders that were previously not considered final."[1] Id. at _17. We reviewed the path that some appellate courts had been taking, including this court in State Auto. Mut Ins. Co. v. Titanium MetalsCorp., 159 Ohio App.3d 338, 2004-Ohio-6618. In Titatium Metals, *Page 7 
we addressed "the merits of a trial court's Civ.R. 12(B)(6) dismissal pursuant to a claim of immunity on the presumption that the order wasappealable pursuant to R.C. 2744.02(C)." (Emphasis added.)Vaughn at _20.
 {¶ 18} However, in State Auto. Mut. Ins. Co. v. Titanium MetalsCorp., 108 Ohio St.3d 540, 2006-Ohio-1713, the Supreme Court of Ohio "reminded this court that an order must be final before it can be reviewed," otherwise, "an appellate court has no jurisdiction[.]"Vaughn at _21. The Supreme Court "held that the trial court's order inTitanium Metals lacked finality because it 1) provided `no explanation for its decision to deny the motion to dismiss,' [and] 2) made `no determination as to whether immunity applied[.]'" Vaughn at _21, quotingTitanium Metals, 108 Ohio St.3d at _10. The Supreme Court concluded that "[u]nder these circumstances," review of the "`issue of immunity' was `premature.'" Id.
 {¶ 19} We determined that the holding in Titanium Metals applied to the issue in Vaughn, despite the fact that in Vaughn, the appellants had filed a motion for summary judgment, not a motion to dismiss as inTitanium Metals. Id. at _22. We further reasoned that "because the trial court's order neither provide[d] an explanation," nor referred "at all to the immunity provided by R.C. 2744.02(A)," it was not a final appealable order, and thus, we did not have jurisdiction to address the merits of the appeal (whether appellants were entitled to immunity). Id. at _22-24. *Page 8 
 {¶ 20} The Second District also applied the Supreme Court's holding inTitanium Metals to the issue presented in Hubbel, supra. InHubbel, the appellants filed a motion for summary judgment based upon sovereign immunity. The trial court denied the motion, but gave its reasons; i.e., because it concluded that "genuine issues of material fact existed as to whether the actions of the [c]ity's employees were negligent." Id. at _1. The Hubbel court concluded that the trial court's decision denying summary judgment on the appellants' claim of immunity from liability was not a final appealable order pursuant to R.C.2744.02(C).[2]
 {¶ 21} The court in Hubbel stated that "few courts have yet to address the current version of R.C. 2744.02(C)." Id. at _5. However, when applying the 1997 version of the statute, the Hubbel court explained that it previously took the approach that denials of summary judgment motions based on claims of governmental immunity were final appealable orders when the trial court concluded there were genuine issues of material fact. Id. at _6, citing Carlson v. Woopert Consultants (Nov. 24, 1998), 2d Dist. Nos. 17292 and 17303, 1988 Ohio App. LEXIS 5560. *Page 9 
 {¶ 22} The Hubbel court noted that the Fourth District in Lutz v.Hocking Technical College (May 18, 1999), 4th Dist. No. 98CA12, 1999 Ohio App. LEXIS 2360, took the same approach. It "found the denial of summary judgment immunity due to the presence of a genuine issue of material fact" to be a final appealable order. Id. at _10. InLutz, the Fourth District explained:
 {¶ 23} "The conservation of fiscal resources of political subdivisions is one of the principal statutory purposes behind R.C. Chapter 2744's immunities and liability limitations. See Menefee v. Queen CityMetro (1990), 49 Ohio St. 3d 27, 29 * * *. R.C. 2744.02(C) furthers this legislative purpose by allowing political subdivisions (and their employees) to immediately appeal the denial of an immunity. Kagy v.Toledo-Lucas Cty. Port Auth. (1997), 121 Ohio App. 3d 239, 244 * * *. Immediate appeal may help prevent political subdivisions from devoting time and resources to defending a suit, only to have an appellate court determine after trial that they were immune from suit all along. Id." (Parallel citations omitted.) Hubbel at _10, quoting Lutz[3]
 {¶ 24} The Hubbel court further pointed out that "[c]ontrary to our past approach, the Ninth District and other courts have held that the finding of a fact *Page 10 
question is not a denial of immunity." Id. at _9. "The Third District has supported this approach stating that "`the legislature's expansion of appellate jurisdiction should be narrowly construed to comport with the language of the statute. * * * [I]f material issues of fact remain, it is no more possible for [appellate] court[s] to resolve the issues of immunity than it was for the trial court." Id., citing Thomas Vending,Inc. v. Slagle (Feb. 3, 2000), 3d Dist. No. 9-99-16, 2000 Ohio App. LEXIS 1489.
 {¶ 25} After reviewing the history of R.C. 2744.02(C), its purpose, and the positions taken by other districts, the Second District concluded in Hubbel that the "approach taken by the Ninth District [was] the better approach." Id. at _13. It reasoned:
 {¶ 26} "When the trial court denies a motion for summary judgment because it finds that there are genuine issues of material fact as to the government's immunity, the trial court has not yet adjudicated the issue of whether the political subdivision or its employee is entitled to the benefit of the alleged immunity. In other words, the trial court has concluded that the state of the record does not permit an adjudication of that issue due to the question of fact. In our view, a governmental entity or its employee is not denied the benefit of immunity until the issue of whether the government or its employee is entitled to immunity has been fully resolved." Id.
 {¶ 27} Although the trial court in Hubbel gave an explanation as to why it denied summary judgment; i.e., because "genuine issues of material fact existed as *Page 11 
to whether the actions of the [c]ity's employees were negligent," the appellate court determined Titanium Metals was instructive, stating that "the [trial] court's failure to resolve the immunity question likewise renders appellate review of the immunity issue premature." Id. at _21. Further, the appellate court stated: "[u]ntil the trial court has denied the claim of immunity[,] * * * the trial court has merely determined that there are questions of fact that need resolution before the immunity question can be fully addressed." Id.
 {¶ 28} Thus, the Hubbel court held that the trial court's decision denying summary judgment on the appellants' claim of immunity from liability was not a final appealable order pursuant to R.C. 2744.02(C).
 {¶ 29} Again, the issue in the case sub judice is identical to the one presented in Vaughn, supra. Appellants filed a motion for summary judgment, claiming that they were entitled to sovereign immunity set forth in R.C. 2744.02. The trial court issued an order simply stating that appellants' motion was denied. Since the trial court neither provided an explanation, nor referred-at all-to the question of whether appellants were entitled to immunity, the order is not a final appealable order. Thus, we do not have jurisdiction to address the merits of the appeal.
 {¶ 30} We note however, because we agree with the reasoning of the Second District in Hubbel, that even if the trial court had explained that it denied appellants' motion for summary judgment because there were genuine issues of *Page 12 
 {¶ 31} material fact as to whether appellants' actions were merely negligent or were wanton, willful, or reckless, it still would not be a final appealable order until the trial court actually resolved thosequestions and determined whether immunity applied.
 {¶ 32} Thus, appellees' motion to dismiss is granted.
Appeal dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., CONCURS. MELODY J. STEWART, J., DISSENTS WITH SEPARATE DISSENTING OPINION.
[1] A 1997 version of R.C. 2744.02(C), adopted in Am. Sub. H.B. 350 (Tort Reform Act), was identical to the current version of the statute.Hubbel v. Xenia, 167 Ohio App.3d 294, 2006-Ohio-3369, at _5. However, inState ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999),86 Ohio St.3d 451, the Supreme Court of Ohio held that H.B. 350 was unconstitutional because it violated the single-subject rule of the Ohio Constitution. Id. The Tort Reform Act was then repealed in Am. Sub. S.B. 108. However, the 124th General Assembly re-enacted most of the changes proposed by H.B. 350 in Am. Sub. S.B. 106, which became effective on April 9, 2003. See Am. Sub. S.B. 106, Final Bill Analysis.
[2] On November 6, 2006, the Supreme Court of Ohio granted certification on the conflict between the Second District's decision inHubbel and the Fourth District's decision in Lutz (explained later in this opinion). See Hubbel v. Xenia, 111 Ohio St.3d 1467, 2006-Ohio-5625. The Supreme Court certified the following question for review:
"Is the denial of a governmental entity's motion for summary judgment on the issue of sovereign immunity due to the existence of genuine issues of material fact a final appealable order, pursuant to R.C. 2744.02(C)?"
[3] One month after the Supreme Court granted certification on the conflict between Lutz and Hubbel, the Fourth District, relying in part on the Supreme Court's decision in Titanium Metals, supra, andVaughn, supra, expressly overruled Lutz on the exact question accepted for review by the Supreme Court quoted in fn. 2 of this opinion. SeeEstate of Graves v. Circleville, 4th Dist. No. 06CA2900,2006-Ohio-6626.