STERNBERG, A MINOR, APPELLANT, *v.* BOARD OF TRUSTEES OF
KENT STATE UNIVERSITY ET AL., APPELLEES.

[Cite as Sternberg v. Bd. of Trustees (1974),
37 Ohio St. 2d 115.]

(No. 73-580—Decided March 6, 1974.)

116

*Mr. Richard Sternberg*, for appellant.

*Mr. William J. Brown*, attorney general, *Mr. James E. Michael* and *Mr. Oliver J. Schneider*, for appellees.

*Per Curiam.* The question presented in this case is whether the complaint states a claim upon which relief can be granted. The relief sought by appellant is twofold: An injunction to prevent appellees from terminating the now defunct university high school; and specific performance of an alleged contract which would enable appellant's class to complete its studies and receive a diploma from the university high school.

The Court of Common Pleas and the Court of Appeals determined that appellees lacked authority to assume the obligations of the alleged contract. We recognize that a state university, as an instrumentality of the state, has the power* to bind itself by contract. Whether appellees had authority to enter into the particular contract alleged herein is a question we need not consider. Rather, our inquiry is

---

*"* * * To say authoritatively that a state has not power to contract, is to doom her to the incapacities of perpetual minority, indissoluble coverture, or endless lunacy." *Matheny* v. *Golden* (1856), 5 Ohio St. 361, 365.

limited to the availability to appellant of the relief sought.

Specific performance of a contract is a distinctively equitable remedy. *Commrs. of Muskingum County* v. *State* (1908), 78 Ohio St. 287, 305. In *Huntington* v. *Rogers* (1859), 9 Ohio St. 511, 516, the court said: "* * * specific performance * * * rests in the sound legal discretion of the court, in view of all the circumstances of the case. It is not a matter of right, but of grace; and the defendant will succeed in procuring the dismissal of the * * * [action] if he can convince the court that the exercise of their jurisdiction will be inequitable under the circumstances." The same is true for the extraordinary remedy of injunction. *Perkins* v. *Quaker City* (1956), 165 Ohio St. 120, 125.

The facts of this case are clear. Appellant made no attempt to preserve the status quo by application for temporary or preliminary injunctive relief. The high school program has been terminated and the facilities redistributed. To grant the relief sought would require a costly reversal of the process. Not only would this create a hardship upon appellees, but the public would be injuriously affected by the diversion of resources to a program which would be short lived and not necessary to the maintenance of the university. 43 Corpus Juris Secundum 557, Injunctions, Section 80(c)(7).

In view of the foregoing considerations, appellant is not entitled to the relief requested. Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., concurs in the judgment.