**BURLEY et al., Appellees,**

v.

**BIBBO et al., Appellants.**

[Cite as *Burley v. Bibbo* (1999), 135 Ohio App.3d 527.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 97–JE–62.

Decided Nov. 10, 1999.

*Yoss & Hampton* and *Thomas A. Hampton,* for appellees Lawrence Lesley Burley and Evelyn Ann Burley.

*Calfee, Halter & Griswold, L.L.P., Richard P. Goddard, Mark L. Belleville* and *Colleen Moran O'Neil,* for appellant Richard Bibbo.

*Tribble, Scott, Plummer & Padden* and *Thomas L. Tribble,* for appellants Elmer and Carol Barton.

WAITE, Judge.

Appellees in this matter filed a motion to dismiss the present appeal on September 28, 1999. No response to this motion was filed. In the body of the motion, appellees argue that because this appeal deals only with a denial of certain immunities to the government official involved in this matter and not with all underlying claims and issues, the matter is interlocutory. Appellees next state that inasmuch as appellants filed this appeal based on jurisdictional language found in R.C. 2744.02(C) and this section was enacted under the auspices of Am.Sub.H.B. No. 350, the Supreme Court's decision in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, finding H.B. No. 350 unconstitutional in total renders this court without jurisdiction to hear the present appeal. For the following reasons, appellees' motion is hereby granted and the matter is remanded to the Jefferson County Court of Common Pleas.

In order to address the motion, we must first look at the order on which the appeal is based. The trial court here did, in fact, grant summary judgment to appellants on several of their claimed immunity arguments. Appellants' appeal is based on four other claims surrounding alleged immunities. Essentially, appellants argued below that the official in question acted within the scope of his official duties and was, thus, immune from suit under R.C. Chapter 2744.

We note that there is a distinction to be drawn here between the denial of sovereign immunity as a matter of law and the denial of a summary judgment motion on the basis that there still exist material issues of fact with respect to whether immunity lies. The trial court here did not absolutely deny sovereign

immunity as a matter of law on the balance of appellants' immunity claims. The court, instead, denied summary judgment on these claims, clearly finding that questions of fact exist.

The Ninth District has formed a test to determine whether a "fact-related legal issue" is immediately appealable. In *Benson v. Akron* (Jan. 25, 1999), Summit App. No. 19076, unreported, 1999 WL 25568, this test is set out:

"This court has previously held that a decision dealing solely 'with the fact-related legal issues that underlie [a] plaintiff's claim on the merits' is not a *final appealable order* within the meaning of R.C. 2501.02 and 2744.02(C). *Brown v. Akron Bd. of Ed.*, (1998), [129 Ohio App.3d 352, 717 N.E.2d 1115]. Whether there is an issue of fact concerning Akron's knowledge of the .alleged accumulation of water is a 'fact-related legal issue' underlying Benson's claim on the merits. Thus, in light of *Brown*, we must dismiss this appeal for lack of a *final appealable order*." (Emphasis *sic*.)

See, also, *Carey v. Akron* (Jan. 27, 1999), Summit App. No. 19102, unreported, 1999 WL 33402, where the court reiterated that often in sovereign immunity cases the legal issues involved are difficult to separate from the factual matters.

We agree with the reasoning of the Ninth District. In a summary judgment matter, once the trial court finds that judgment may not be granted because there are material questions of fact still to resolve, it is difficult, in fact, impossible for a court of appeals on a review of the record to make any sort of ruling that will be helpful to the parties involved and that will not overstep the bounds of a court of review. This court does not serve as a factfinding body. Only the lower court may serve as a factfinder. Thus, because there are still factual questions unresolved below, this court may not review the matter unless and until those questions are resolved. If this was a case in which, as to the immunities claims, no questions of fact existed and we were asked to review the matter on the basis of the law alone, an immediate review under R.C. 2744.02(C) would be possible even with other outstanding non-immunity issues unresolved.

While appellees have relied on the recent Supreme Court decision finding H.B. No. 350 unconstitutional, this might appear to require a dismissal in and of itself. We are not convinced this is the case. The *Sheward* decision did not specifically address R.C. 2744.02(C). While the Supreme Court did go into great detail about other aspects of H.B. No. 350, the bill was so encompassing that a complete discussion would be impractical, as the court appears to note in footnote six, which is the only portion of the decision that even touches on this issue in passing.

As to R.C. 2744.02(C), however, the matter has become muddied by the fact that there was a later enactment, Am.Sub.H.B. No. 215, which appears to

encompass the exact language of R.C. 2744.02(C). The constitutionality of Am.Sub.H.B. No. 215 has not been attacked. Inasmuch as R.C. 2744.02(C) was not specifically addressed in *Sheward*, and a later enactment encompasses this language, we decline to dismiss this appeal solely on the basis of *Sheward*. This is especially true as we agree with the language of *Benson*, that this matter is not a final appealable order even presuming the language of R.C. 2744.02(C) is still viable.

For all of the foregoing, this appeal is hereby dismissed as premature. This matter is remanded to the trial court for resolution of the disputed factual matters.

*Judgment accordingly.*

VUKOVICH and GENE DONOFRIO, JJ., concur.