DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, the City of Barberton and Donald Kishton, appeal from the decision of the Summit County Court of Common Pleas which denied their motion for summary judgment. For reasons stated below, we dismiss the appeal for lack of a final, appealable order.
 {¶ 2} On February 20, 2001, Helen Reeves ("Reeves"), filed suit against Appellants. Shortly thereafter, Reeves passed away and the trial court substituted Appellee, Dean Konstand, the administrator of the Reeves estate, as plaintiff. Additionally, Appellee was permitted to amend the complaint so that a wrongful death action could be asserted. Discovery commenced. Appellants then filed a motion for summary judgment asserting immunity pursuant to R.C. 2744.02. Appellee responded in opposition and also filed a motion for summary judgment.
 {¶ 3} The court denied Appellants' motion for summary judgment indicating that there were genuine issues of material fact relating to "whether [Appellant] the City of Barberton exercised its judgment in a wanton or reckless manner in the hiring, utilizing, training and scheduling of dispatchers" and whether "[Appellant] Kishton acted in a willful or wanton manner[.]" It is from this decision that Appellants have appealed.
 {¶ 4} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88. Generally, the denial of a motion for summary judgment is not a final, appealable order. Benson v. Akron (Jan. 20, 1999), 9th Dist. No. 19076, at 2; State ex rel. Overmeyer v. Walinski
(1966), 8 Ohio St.2d 23, 23.
 {¶ 5} In the present matter, Appellants have attempted to appeal the denial of summary judgment pursuant to R.C. 2744.02(C) which provides:
"An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." (Emphasis added.)
 {¶ 6} However, this Court has previously held that "a decision dealing solely `with the fact-related legal issues that underlie [a] plaintiff's claim on the merits' is not a final appealable order within the meaning of * * * R.C. 2744.02(C)." Benson, supra, at 2-3, quotingBrown v. Akron Bd. of Ed. (1998), 129 Ohio App.3d 352, 358. Whether the Appellants acted in a wanton or reckless manner is a fact-related legal issue. Furthermore, the decision denying summary judgment was not an order denying Appellants immunity. Rather, the decision indicates that material issues of fact remain with respect to whether immunity exists. See Burley v. Bibbo (1999), 135 Ohio App.3d 527, 528-29. The court merely denied Appellants summary judgment on the immunity issue. See id. at 529. Thus, the appeal is dismissed for lack of final, appealable order. See Benson, supra, at 3.
Appeal dismissed.
Batchelder, J. concurs.