HUBBELL, Appellee,

v.

CITY OF XENIA, Appellant.

[Cite as *Hubbell v. Xenia*, 167 Ohio App.3d 294, 2006-Ohio-3369.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2005 CA 99.

Decided June 29, 2006.

Michael P. McNamee and Gregory B. O'Connor, for appellee.

Lynnette Pisone Ballato and Tabitha Justice, for appellant.

Per Curiam.

{¶ 1} The city of Xenia appeals from an order of the Greene County Court of Common Pleas, which denied its motion for summary judgment on sovereign immunity pursuant to R.C. 2744.03(A)(5). In denying the motion, the trial court found that genuine issues of material fact existed as to whether the actions of the city's employees were negligent. At oral argument held on November 15, 2005, we requested that the parties brief the issue of appellate jurisdiction under R.C. 2744.02(C) when the trial court concludes that a genuine issue of material fact exists as to whether the political subdivision is entitled to immunity. Upon review of the parties' supplemental briefs and relevant authority, we conclude that appellate jurisdiction does not exist.

{¶ 2} Before proceeding to the merits of an appeal, an appellate court is obligated to ensure that it has jurisdiction. "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. Normally, the denial of a

motion for summary judgment is not a final, appealable order under R.C. 2505.02 and Civ.R. 54(B). *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292; *Shump v. First Continental–Robinwood Assoc.* (2000), 138 Ohio App.3d 353, 741 N.E.2d 232.

{¶ 3} The city has filed its appeal pursuant to R.C. 2744.02(C), as amended effective April 9, 2003, which states, "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." The city claims that the trial court's decision constituted a denial of the benefit of immunity from liability and, consequently, the decision was a final, appealable order.

{¶ 4} Hubbell asserts that the trial court's order is not immediately appealable under R.C. 2744.02(C) because the court did not deny sovereign immunity as a matter of law. She asserts that the trial court merely found that genuine issues of material fact precluded a determination, at that time, of whether the city was entitled to immunity. In support of her assertion, Hubbell primarily relies upon authority from the Ninth District Court of Appeals, such as *Brown v. Akron Bd. of Edn.* (1998), 129 Ohio App.3d 352, 717 N.E.2d 1115, and the cases that follow its reasoning. See, e.g., *Thomas Vending, Inc. v. Slagle* (Feb. 3, 2000), Marion App. No. 9–99–16, 2000 WL 123804.

{¶ 5} Although few courts have yet to address the current version of R.C. 2744.02(C), some previously faced this issue under the 1997 version of R.C. 2744.02(C), which was adopted in Am.Sub.H.B. No. 350. In *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, the Supreme Court held H.B. 350 unconstitutional as violative of the single-subject rule of the Ohio Constitution. The language of the current version of R.C. 2744.02(C), enacted in 2002, is identical to that of the 1997 version.

{¶ 6} Although we did not directly resolve the present issue, we have implicitly employed a broad construction of our jurisdiction. Addressing the 1997 version, we have stated, without qualification, that "a denial of summary judgment in immunity situations is a final order under R.C. 2501.02 and R.C. 2744.02(C)." *Carlson v. Woolpert Consultants* (Nov. 24, 1998), Montgomery App. Nos. 17292 and 17303, 1998 WL 811577. In *Garrison v. Bobbitt* (1999), 134 Ohio App.3d 373, 731 N.E.2d 216, we addressed the trial court's denial of a municipal fire department's motion for summary judgment on its employee's claim of intentional infliction of emotional distress and on its claim of sovereign immunity. We noted as a preliminary point that "the trial court did not reject defendants' immunity claim. Instead, the court simply felt the question should be heard by a jury, due to factual issues." Upon review, we agreed with the trial court that genuine issues of material fact existed as to whether the defendants had acted with

malicious purpose, in bad faith, or in a reckless or wanton manner. We thus affirmed the trial court's denial of summary judgment on the defendants' claim of immunity. (We also affirmed the denial of summary judgment on the plaintiff's tort claim.)

{¶ 7} Likewise, in *Weber v. Haley* (May 1, 1998), Clark App. No. 97CA108, 1998 WL 211832, we addressed the denial of the Springfield Township Board of Trustees' motion for summary judgment on immunity grounds. The trial court had determined that a factual question existed as to whether the township employee's conduct had been willful, wanton, or reckless. Although we did not discuss distinctions between a denial of summary judgment as a matter of law and denial on the ground that a factual question exists, we proceeded to address the merits of whether the trial court had properly denied the township's motion. Upon doing so, we concluded, as a matter of law, that the employee's conduct constituted, at most, negligence and, thus, the employee and the board of trustees were immune from liability.

{¶ 8} In short, our past approach was to consider denials of summary-judgment motions based on claims of governmental immunity as final, appealable orders when the trial court had concluded that there were genuine issues of material fact.

{¶ 9} Contrary to our past approach, the Ninth District and other courts have held that the finding of a fact question is not a denial of immunity. The Third District has supported this approach, stating that "the legislature's expansion of appellate jurisdiction should be narrowly construed to comport with the language of the statute. Furthermore, if material issues of fact remain, it is no more possible for this court to resolve the issue of immunity than it was for the trial court." *Slagle*, Marion App. No. 9–99–16, 2000 WL 123804; see, also, *Burley v. Bibbo* (1999), 135 Ohio App.3d 527, 529, 734 N.E.2d 880.

{¶ 10} The Fourth District, however, has also found the denial of summary judgment on immunity due to presence of a genuine issue of material fact to be a final order. As it stated in *Lutz v. Hocking Technical College* (May 18, 1999), Athens App. No. 98CA12, 1999 WL 355187:

{¶ 11} "The conservation of fiscal resources of political subdivisions is one of the principal statutory purposes behind R.C. Chapter 2744's immunities and liability limitations. See *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 29 [550 N.E.2d 181]. R.C. 2744.02(C) furthers this legislative purpose by allowing political subdivisions (and their employees) to immediately appeal the denial of an immunity. *Kagy v. Toledo–Lucas Cty. Port Auth.* (1997), 121 Ohio App.3d 239, 244 [699 N.E.2d 566]. Immediate appeal may help prevent political subdivisions from devoting time and resources to defending a suit, only to have an

appellate court determine *after* trial that they were immune from suit all along. *Id.*"

{¶ 12} We note that in *Lutz*, the appellate court affirmed the denial of summary judgment to the police officers due to a fact question as to whether the officers had acted with malice, bad faith, wantonness, or recklessness, but held that the trial court should have granted immunity to the college because R.C. 2744.03(A)(6) applies only to employees.

{¶ 13} Despite our past willingness to interpret R.C. 2744.02(C) broadly, we find the approach taken by the Ninth District to be the better approach. When the trial court denies a motion for summary judgment because it finds that there are genuine issues of material fact as to the government's immunity, the trial court has not yet adjudicated the issue of whether the political subdivision or its employee is entitled to the benefit of the alleged immunity. In other words, the trial court has concluded that the state of the record does not permit an adjudication of that issue due to the question of fact. In our view, a governmental entity or its employee is not denied the benefit of immunity until the issue of whether the government or its employee is entitled to immunity has been fully resolved.

{¶ 14} This approach has several benefits. First, this conservative construction of R.C. 2744.02(C) best serves the purpose of judicial economy. Generally, when a trial court concludes that there is a genuine issue of material fact concerning an issue—thus requiring more work for the trial court in the form of a trial on that issue—it is unusual for a reviewing appellate court to find, to the contrary, that there is no genuine issue of material fact. So, in the usual situation when an appellate court would agree that a factual question exists concerning governmental immunity, an immediate appeal would merely add an unnecessary appeal—with its attendant delay—to the litigation. Only in an unusual case would an immediate appeal conserve judicial resources by avoiding an ultimately unnecessary trial.

{¶ 15} Second, a narrow interpretation of R.C. 2744.02(C) would provide a simple, easily applied test for determining whether an order that did not grant a request for immunity was immediately appealable. By limiting appeals under R.C. 2744.02(C) to those orders to which the court has determined, as a matter of law, that governmental immunity does not apply, the parties (and the court) can ascertain with minimal difficulty whether an order is immediately appealable. In contrast, if we were to interpret R.C. 2744.02(C) broadly, any order that failed to grant immunity when requested would raise the question of whether the case was in an appropriate procedural posture for appellate review.

{¶ 16} We note that the Supreme Court of Ohio has recently reviewed whether an appeal from the trial court's denial of a Civ.R. 12(B)(6) motion was a final, appealable order under R.C. 2744.02(C). *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199. In that case, the plaintiff, an insurance company, asserted a cause of action in negligence to recoup proceeds that it had paid to its insured arising out of a fire at the insured's business. A third-party complaint was filed against the Oakwood Village Fire Department and the fire chief, alleging that the department had acted recklessly by using an improper fire suppressant that caused explosions and substantially exacerbated the fire. In response, Oakwood Village filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting that it was immune from liability under R.C. Chapter 2744 and that R.C. 2744.05(B) precluded liability for indemnity or contribution on a subrogation claim. The trial court denied the motion without opinion. The Eighth District, accepting the allegations in the complaint as true, addressed whether Oakwood Village was entitled to sovereign immunity and affirmed.

{¶ 17} On appeal, the Supreme Court vacated the Eighth District's judgment on the ground that the trial court's ruling was not a final, appealable order. The court reasoned:

{¶ 18} "The trial court provided no explanation for its decision to deny the motion to dismiss. The court made no determination as to whether immunity applied, whether there was an exception to immunity, or whether R.C. 2744.05(B)(1) precludes contribution as the basis for its decision. The court did not dispose of the case.

{¶ 19} "At this juncture, the record is devoid of evidence to adjudicate the issue of immunity because it contains nothing more than [the] third-party complaint and Oakwood's Civ.R. 12(B)(6) motion to dismiss. No fact-finding or discovery has occurred. The trial court's denial of the motion to dismiss merely determined that the complaint asserted sufficient facts to state a cause of action.

{¶ 20} "* * * The court of appeals considered the issue of immunity prematurely. The record below must be developed in order to reach this issue." *Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199, at ¶ 10–12.

{¶ 21} Although the procedural posture of the present case makes it readily distinguishable from *Titanium Metals Corp.*, *Titanium Metals Corp.* is instructive in that an order is not immediately appealable merely because the trial court denied a request for immunity. Although the trial court's order herein discussed whether the City of Xenia is entitled to immunity, and the court made that determination in response to summary-judgment motions that were supported with evidence, we believe that the court's failure to resolve the immunity question

likewise renders appellate review of the immunity issue premature. Until the trial court has denied the claim of immunity—as opposed to failing to grant the request for immunity at that time—the trial court has merely determined that there are questions of fact that need resolution before the immunity question can be fully addressed.

{¶ 22} We thus conclude that the trial court's decision denying summary judgment on the city's claim of immunity from liability is not a final, appealable order, pursuant to R.C. 2744.02(C). This appeal is dismissed.

So ordered.

WOLFF, FAIN and GLASSER, JJ., concur.

GEORGE M. GLASSER, J., retired, of the Sixth Appellate District, sitting by assignment.