OPINION
{¶ 1} On November 14, 2004, at approximately 5:15 a.m., plaintiff-appellant, Sandy Martin, was going about her job delivering the Columbus Dispatch in a neighborhood in the city of Gahanna. At the intersection of Hamilton Road and Medwin Place, Martin got out of her truck to get more papers from the back. She transferred the papers from the back to the front passenger side of her truck. As she turned to close the *Page 2 
passenger side door she stepped into an uncovered sewer drain located along the curb. Subsequent investigation revealed that the sewer grates on both sides of the street had been stolen. Additionally, within the past few months, the city of Gahanna had been informed of 14 other incidents in which sewer grates had been stolen or were missing. The city of Gahanna did not take any measures to alert the public of the rash of missing grates until after Martin had fallen.
 {¶ 2} Martin filed a complaint in the Franklin County Court of Common Pleas on August 22, 2005. She alleged negligence on the part of the city of Gahanna for not covering the storm drain and for failing to inspect the storm drain. Discovery ensued and, on September 15, 2006, the city of Gahanna moved for summary judgment. The city of Gahanna asserted that, as a political subdivision, it was statutorily immune from a civil action for injury. In the event the trial court did not agree with the city on the issue of immunity, the city of Gahanna contended that it was entitled to judgment as a matter of law under the open and obvious doctrine.
 {¶ 3} The trial court denied the city of Gahanna's motion for summary judgment on October 24, 2006. The trial court indicated that the city of Gahanna was potentially liable for failing to keep the sewer system and its coverings in repair under the exception to sovereign immunity found in R.C. 2744.02(B)(2). The trial court then proceeded to analyze the open and obvious issue, concluding that genuine issues of material fact precluded summary judgment on the issue of open and obvious. *Page 3 
 {¶ 4} The city of Gahanna appealed from the October 24, 2006 decision and entry of the Franklin County Court of Common Pleas denying summary judgment. On appeal, the city of Gahanna has asserted the following assignment of error:
 The trial court erred in denying the City of Gahanna's motion for summary judgement and thereby erred in denying it the benefit of the immunity from liability provided in R.C. Chapter 2744 et seq.
 {¶ 5} On December 27, 2006, Martin filed a motion to dismiss the appeal for lack of jurisdiction. Martin argued that the entry appealed from was not a final appealable order. This court notified the parties that we would consider the motion and merits at the same time. Therefore, as a preliminary matter, we must first determine whether the trial court's decision denying summary judgment is a final appealable order.
 {¶ 6} As a general rule, denial of a motion for summary judgment is not a final appealable order. Celebrezze v. Netzley (1990),51 Ohio St.3d 89. However, an exception to the general rule exists for political subdivisions which are denied immunity. R.C. 2744.02(C) provides:
 An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.
 {¶ 7} Martin contends that R.C. 2744.02(C) does not apply to the instant case because the trial court has not yet adjudicated the issue of sovereign immunity. Rather, Martin asserts that the trial court denied summary judgment because there are genuine issues of material fact as to the city of Gahanna's immunity. *Page 4 
 {¶ 8} In Hubbell v. Xenia, 167 Ohio App.3d 294, 2006-Ohio-3369, the Second District Court of Appeals held that due to the presence of a genuine issue of material fact as to immunity, the trial court's decision denying summary judgment was not a final appealable order. The court reasoned that a decision denying summary judgment as a matter of law was a final appealable order, but a decision denying summary judgment because there existed a genuine issue of material fact going to the issue of immunity was not a final appealable order. Hubbell is currently on appeal to the Supreme Court of Ohio. Hubbell v. Xenia,111 Ohio St.3d 1468, 2006-Ohio-5625.
 {¶ 9} We find the reasoning of the Hubbell court to be persuasive. Here, the trial court found the existence of genuine issues of material fact with regard to the city of Gahanna's liability (open and obvious), but concluded as a matter of law that the exception to sovereign immunity set forth in R.C. 2744.02(B)(3) applied. This determination was a legal determination and, as such, the issue is ripe for appellate review. See Summerville v. Columbus, Franklin App. No. 04AP-1288,2005-Ohio-5158, at ¶ 12. ("The determination as to whether a political subdivision is immune from suit is purely a question of law properly determined by a court prior to trial and preferably on a motion for summary judgment.") Therefore, Martin's motion to dismiss is denied.
 {¶ 1O} We turn now to the merits of the city of Gahanna's appeal. It is well established that our standard of review on the summary judgment decision is de novo. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38. In conducting our review, we apply the same standard as the trial court.Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103. *Page 5 
 {¶ 11} Civ.R. 56(C) states in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *
 {¶ 12} The main purpose of the summary judgment procedure is to enable a party to go behind the allegations in the pleadings and assess the proof in order to see whether there is a genuine need for trial. The remedy should be applied sparingly and only in those cases where the justice of its application is unusually clear. Napier v. Brown (1985),24 Ohio App.3d 12. Resolving issues of credibility or reconciling ambiguities and conflicts in witness testimony is outside the province of a summary judgment. Id.
 {¶ 13} In a summary judgment proceeding, the moving party bears the initial responsibility of informing the court of the basis for the motion, and identifying those portions of the record before the court which demonstrate the absence of a genuine issue of fact on the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280. If the moving party fails to satisfy its initial burden, the motion must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). *Page 6 
 {¶ 14} In reviewing a claim of political subdivision liability, R.C.2744.02(A)(1) directs us to begin with a presumption of immunity. R.C.2744.02(A)(1) sets forth the general rule that a "political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." The plaintiff must then present evidence that one or more of the exceptions to immunity set forth in R.C. 2744.02(B) apply. In order for certain of the exceptions to apply, the court must determine whether the case involves a governmental or a proprietary function. If any of the exceptions are found to apply, the political subdivision may assert an affirmative defense set forth in R.C. 2744.03(A).
 {¶ 15} In its assignment of error, the city of Gahanna argues that the trial court erred in determining that this case involves a proprietary function and not a governmental function. R.C. 2744.01(C)(2)(l) classifies the "provision or nonprovision, planning or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system," as a governmental function. R.C.2744.01(G)(2)(d) classifies "[t]he maintenance, destruction, operation, and upkeep of a sewer system" as a proprietary function. The city of Gahanna contends that the sewer grate was simply stolen and therefore was not in a state of disrepair or not being maintained. If the replacement of a missing sewer grate does not fall within the definition of maintenance, the city of Gahanna contends that, by default, replacement of the missing grate must be a governmental function within the meaning of R.C. 2744.01(C)(2)(l). *Page 7 
 {¶ 16} We agree with the city of Gahanna that if inspection and replacement of missing sewer grates is a governmental function, then the city of Gahanna would be entitled to immunity. For example, in Burns v.City of Upper Arlington, Franklin App. No. 06AP-680, 2007-Ohio-797, this court had to determine whether the proper alignment of a manhole cover located on a sidewalk was considered part of the maintenance of the sidewalk or maintenance of the sewer system. If it were maintenance of the sidewalk it was a governmental function, pursuant to R.C.2744.01(C)(2)(e), and if it were maintenance of a sewer system it would be a proprietary function pursuant to R.C. 2744.01(G)(2)(d). This court concluded that the conduct was the maintenance of a sidewalk, and not the maintenance of a sewer. "Although the manhole cover upon which appellee tripped was intended to provide access to the sewer system, it was not, in and of itself, a part of that system. It was, instead, intended to form part of the walkway for pedestrian traffic to use, and was therefore part of the sidewalk." Id. at ¶ 15.
 {¶ 17} However, we find the instant case to be more analogous toNimishillen Twp. Trustees v. State ex rel. Groffre Investments, Stark App. No. 2003 CA 00410, 2004-Ohio-3371. In Nimishillen, the court of appeals found that negligent maintenance of a storm water drainage system that resulted in flooding was a proprietary function, and therefore the township was not immune from liability. Here, we are considering a missing storm sewer grate missing from a storm sewer located in the street at the curb. We find that the need to inspect and replace missing components necessary for the safe operation of the storm water system clearly falls within the definition of maintenance or upkeep of a sewer system, and not the provision, design, or reconstruction of a sewer system. Martin *Page 8 
fulfilled her burden and presented evidence by way of deposition transcripts on the issue of the city of Gahanna's responsibility for the upkeep and maintenance of the sewer grates. Therefore, we conclude that this case involves a proprietary function and consequently falls within R.C. 2744.02(B)(2)'s exception to immunity for political subdivisions ("political subdivisions are liable for injury * * * caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions").
 {¶ 18} The city of Gahanna's sole assignment of error is overruled, and the decision and entry of the Franklin County Court of Common Pleas is affirmed.
Motion to dismiss denied; judgment affirmed.
 BROWN and FRENCH, JJ., concur. *Page 1