[Cite as *Riveredge Dentistry Partnership v. Cleveland*, 2021-Ohio-3817.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| RIVEREDGE DENTISTRY PARTNERSHIP, | : | |
| Plaintiff-Appellant, | : | No. 110275 |
| v. | : | |
| CITY OF CLEVELAND, ET AL., | : | |
| Defendants-Appellees. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 28, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-932884

---

### *Appearances:*

The Dolan Law Firm, L.L.C., and Michael A. Dolan, *for appellant.*

Eric Luckage, Chief Legal Officer, and Amanda L. Holzhauer, Assistant Legal Counsel, *for appellee* Northeast Ohio Regional Sewer District.

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Riveredge Dentistry Partnership (the "appellant"), appeals from the trial court's dismissal of its claims against defendant-appellee, the

Northeast Ohio Regional Sewer District (the "NEORSD" or "the district"). Appellant raises the following assignment of error for review:

> The trial court erred in dismissing appellee pursuant to Civ.R. 12(B)(6) when appellant's second amended complaint asserts plausible claims of negligence by appellee in the operation of its sewer system.

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} Appellant owns real property improved with a two-story medical office building located on Rocky River Drive in Cleveland, Ohio. Defendant, city of Cleveland ("the city"), owns and operates an off-street parking lot facility, known as Kamms Municipal Parking Lot (the "parking lot"), that adjoins appellant's property line. Appellant's adjacent property is down grade from the city's parking lot facility.

{¶ 4} The NEORSD is a regional sewer district organized and existing as a political subdivision of the state of Ohio under Chapter 6119 of the Ohio Revised Code. Pursuant to R.C. 6119.06(F), the NEORSD is authorized to make grants to political subdivisions for the acquisition or construction of water-resource projects by such political subdivision.

{¶ 5} In or about 2016, the city began developing plans for a construction project to address ongoing storm-water flooding issues at the parking lot. To facilitate the project, the city submitted a storm-water grant application to NEORSD for funds to construct several storm-water retention basins to divert storm water from the parking lot facility. Among other things, the grant application required the

city to describe the objective and outcomes of the proposed project, submit proposed plans for the design and installation of the project, submit drawings or figures of the site and project, and offer other relevant project details. The application advised the city that if the grant was awarded, the city was required to submit design documents to the NEORSD "for review, comment, and approval prior to site work."

{¶ 6} In November 2018, the NEORSD entered into an agreement (the "Agreement") with the city, as part of the district's Green Infrastructure Grant Program, for the implementation and maintenance of the project with the grant amount not to exceed $249,583.00. The NEORSD determined that the city's proposed project would promote the purpose of the grant program to remove stormwater from the district's combined sewerage system and reduce the release of combined sewage into the environment. The Agreement required the city to operate and maintain the project, stating:

> 3.5 Operation and Maintenance. Once constructed, the Member Community shall remain responsible for the operation and maintenance of the Member Community Project for the design life expectancy of the Project, as determined by the District. A twenty (20) year life expectancy is anticipated for the Project. The Member Community shall permit the District to provide technical review of the operation and maintenance manual developed for the Member Community Project prior to completion of construction. An annual operation and maintenance inspection report for the Member Community's Project shall be submitted to the District annually by April 1st following completion of construction for the design life expectancy of the Project, as determined by the District.

{¶ 7} In turn, the NEORSD agreed to the following:

> 2.4 District Approvals. (i) Review and approve or disapprove in writing the components of the Member Community's Project; (ii) inspect and

approve or disapprove in writing any and all components of the Member Community's Project to determine compliance with the plans and specifications of the Member Community's Project; and (iii) approve or disapprove in writing any changes to the Member Community's Project.

{¶ 8} Relevant to this appeal, the Agreement also specified as follows:

5.2 Disclaimer of Joint Venture. This Agreement is not intended to create a joint venture, partnership or agency relationship between the Member Community or the District, and such joint venture, partnership, or agency relationship is specifically hereby disclaimed.

{¶ 9} Subsequent to entering into the Agreement with the NEORSD, the city contracted with defendant Cook Paving & Construction Company ("CPCC") to construct the storm-water retention basins.

{¶ 10} In May 2020, appellant filed a civil complaint against the city and CPCC, alleging that as a result of the installation of storm-water retention basins near appellant's property line, appellant's property has been "flooded with storm water runoff from the [city's parking lot] on numerous occasions between May and September 2019, causing [appellant] to incur property damages, lost rents, and associated clean up expense." Complaint at ¶ 19. The complaint alleged that the city and CPCC "jointly, severally, intentionally, recklessly, and/or negligently" caused, diverted, or allowed ground and surface water from the city's parking lot to be discharged onto appellant's property. *Id.* at ¶ 26-32.

{¶ 11} In September 2020, appellant filed an amended complaint to name the NEORSD as an additional defendant. A second amended complaint was later filed in October 2020. In relevant part, the second amended complaint asserted that the NEORSD (1) reviewed and approved all plans related to the storm-water retention

basins prior to approving the city's grant application, (2) approved the placement and location of the storm-water retention basins, (3) financed the construction of the storm-water retention basins in whole or in part, and (4) maintains control over the operation of the storm-water retention basins by the city. Second Amended Complaint at ¶ 25-26, 29-30.

{¶ 12} Thus, the second amended complaint alleged that NEORSD negligently "approved, consented to, caused, directed, and diverted" storm water from its respective sewerage system into or onto appellant's property, and that the negligent operation of the sewerage system is a proprietary action that is excepted from the shield of immunity set forth in R.C. 2744.02. Appellant sought money damages and an order enjoining the defendants from "infringing [its] property rights by unreasonably and impermissibly diverting, redirecting surface, storm, and discharge waters from their respective systems and/or from the [parking lot] onto [its] property."

{¶ 13} In November 2020, the NEORSD filed a motion to dismiss the second amended complaint pursuant to Civ.R. 12(B)(6). In the motion, the NEORSD initially argued that the second amended complaint was not properly before the court because appellant failed to seek leave of court pursuant to Civ.R. 15(A) before filing the second amended complaint. The NEORSD further argued that "there is no legal basis or factual allegations that could render the NEORSD liable for the actions of either the city of Cleveland or CPCC." The district maintained that it did not act jointly with the other defendants, and that its sole involvement with the

project was providing funding through a grant program to the property owner and reviewing the design plan as part of the grant process. In support of its position, the NEORSD asserted that the second amended complaint establishes that the district (1) does not own the parking lot; (2) does not operate the parking lot; (3) did not construct the storm-water retention basins; (4) did not contract with CPCC to construct the storm-water retention basins; (5) did not design, construct, or locate the storm-water retention basins; and (6) is not responsible for the operation of the storm-water retention basins.

{¶ 14} Finally, the NEORSD argued that it is immune from liability under R.C. 2744 et seq., "even if [appellant] had alleged facts supporting any type of claim against the NEORSD." The NEORSD noted that the second amended complaint and its attachments show that the district "was not, and is not, responsible for either the operation or upkeep of the basins at issue."

{¶ 15} Appellant filed a brief in opposition to the motion to dismiss, arguing that the NEORSD was "intimately involved with all aspects of the basin project, including final approval for project scope, location of the basins, schedules, changes, record keeping, reports, accounts, and any and all activities related to the project." Thus, appellant asserted that its complaint pleaded plausible claims alleging that the NEORSD "negligently operated its combined sewerage system by diverting storm water from its system into [appellant's] building and property." Appellant further maintained that R.C. Chapter 2744 does not apply to its claim for damages and is inapplicable to its demands for injunctive and/or equitable relief.

{¶ 16} In January 2021, the trial court granted the NEORSD's motion to dismiss, in part,[1] stating:

> After review of the parties' arguments, the court grants defendant NEORSD's motion to dismiss pursuant to Civil Rule 12(B)(6). The court finds that defendant NEORSD was not responsible for the design, construction, or location of the water retention basins. This defendant's only involvement was to provide the funding for the retention basin project. Accordingly, plaintiff's second amended complaint fails to raise a viable claim against the defendant NEORSD. Therefore, defendant NEORSD is dismissed as a defendant in the within action.

{¶ 17} Appellant now appeals from the trial court's judgment.

## II. Law and Analysis

{¶ 18} In its sole assignment of error, appellant argues the trial court erred in granting the NEORSD's motion to dismiss because the second amended complaint set forth plausible claims of negligence. Appellant contends that it "has unequivocally asserted plausible claims of negligence against NEORSD in the operation of its sewer system that are not subject to R.C. Chapter 2744 immunity."

## Standard of Review

{¶ 19} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint. *Antoon v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 101373, 2015-Ohio-421, ¶ 7. In deciding whether a complaint should be dismissed pursuant to Civ.R. 12(B)(6), the court's review is limited to the four corners of the complaint along with any documents properly attached to or

---

[1] The trial court rejected the NEORSD's contention that appellant's second amended complaint was not filed in compliance with Civ.R. 15(A).

incorporated within the motion to dismiss. *High St. Props. L.L.C. v. Cleveland*, 8th Dist. Cuyahoga No. 101585, 2015-Ohio-1451, ¶ 17, citing *Glazer v. Chase Home Fin. L.L.C.,* 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, ¶ 38. The court accepts as true all the material factual allegations of the complaint and construes all reasonable inferences to be drawn from those facts in favor of the nonmoving party. *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 653 N.E.2d 1186 (1995); *Brown v. Carlton Harley-Davidson, Inc.*, 8th Dist. Cuyahoga No. 99761, 2013-Ohio-4047, ¶ 12, citing *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104, 661 N.E.2d 218 (8th Dist.1995).

{¶ 20} To prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. If there is "'a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" *High St. Props*. at ¶ 16, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991). "'A court cannot dismiss a complaint under Civ.R. 12(B)(6) merely because it doubts the plaintiff will prevail.'" *Bono v. McCutcheon*, 159 Ohio App.3d 571, 2005-Ohio-299, 824 N.E.2d 1013, ¶ 8 (2d Dist.), quoting *Leichtman v. WLW Jacor Communications, Inc.*, 92 Ohio App.3d 232, 234, 634 N.E.2d 697 (1st Dist.1994).

{¶ 21} Finally, as pertinent to this case, this court has recognized that the affirmative defense of immunity under R.C. Chapter 2744 may be the basis of a

dismissal under Civ.R. 12(B)(6). *Para v. Jackson*, 8th Dist. Cuyahoga No. 109516, 2021-Ohio-1188, ¶ 17, citing *Main v. Lima*, 3d Dist. Allen No. 1-14-42, 2015-Ohio-2572, ¶ 15.

{¶ 22} An appellate court conducts a de novo review of a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136. Under this standard of review, the appellate court must undertake an independent analysis without deference to the lower court's decision. *Hendrickson v. Haven Place, Inc.*, 8th Dist. Cuyahoga No. 100816, 2014-Ohio-3726, ¶ 12.

{¶ 23} In this case, the second amended complaint set forth claims of negligence, alleging that the NEORSD breached its duty of care by approving, placing, locating, and operating the storm-water retention basins in such a manner and proximity to appellant's property that it resulted in flooding and damage to appellant's building. Appellant further alleged that the NEORSD breached its legal duty not to divert, drain, and/or direct surface, ground, or storm water from their respective sewerage systems into or onto appellant's property.

{¶ 24} In order to establish negligence, one must show the existence of a duty, a breach of that duty, and the breach was the proximate cause of an injury. *Menifee v. Ohio Welding Prods. Inc.,* 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). Negligence may not be presumed from mere proof of an injury caused by some act of the defendant. The burden is on the plaintiff to prove by a preponderance of the

evidence that the defendant failed to exercise the care that a reasonably prudent person is accustomed to exercise under the same or similar circumstances. *Republic Light & Furniture Co. v. Cincinnati,* 97 Ohio App. 532, 536-537, 127 N.E.2d 767 (1st Dist.1954).

{¶ 25} Throughout these proceedings, the NEORSD has disputed the factual allegations set forth in the second amended complaint, including appellant's characterization of the district's involvement in the construction and operation of the storm-water retention basins. The NEORSD reiterates that it "was not responsible for the design, construction, location, or operation and maintenance of the water retention basins" and that its "only involvement was to provide the funding for the retention basin project." The NEORSD notes that the documents attached to the second amended complaint clearly show that the city, and not the district, is responsible for the operation and maintenance of both the newly constructed storm-water retention basins and the city's parking lot. The NEORSD further contends that "even if [it] had been involved in the design and construction of the basins, it would still be immune from liability for the alleged damages under R.C. 2744 et seq."

{¶ 26} In contrast, appellant asserts that it is disingenuous for the NEORSD to suggest that the storm-water retention basins do not "operate" as part of its sewerage system where (1) the district approved the location and placement of the basins, (2) the district has past, present, and future control over the storm-water retention basins, and (3) the storm-water basins are estimated to directly benefit

and improve the operation of the district's sewerage system by diverting 934,799.76 gallons of storm water per annum. Appellant further contends that the NEORSD is not shielded by the immunity set forth under R.C. Chapter 2744 because its claims for damages "clearly fall within the express liability set forth in R.C. 2744.02(B)(2) for loss to persons or property caused by the negligent performance of acts with respect to the operation of proprietary functions." In addition, appellant asserts that the statute does not apply to appellant's prayer to enjoin the NEORSD from continuing its negligent and unreasonable diversion of storm waters onto appellant's property.

{¶ 27} We begin our discussion by addressing the NEORSD's position that it is immune from appellant's negligence claims pursuant to R.C. 2744.02.

{¶ 28} R.C. Chapter 2744, the Political Subdivision Tort Liability Act, sets forth a three-tier analysis for determining whether a political subdivision is immune from liability for injury or loss to property. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781. In the first tier of the analysis, the court applies the general rule provided in R.C. 2744.02(A)(1), which states that a political subdivision is generally "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶ 29} That immunity is not absolute, however. In the second tier of the analysis, the court determines whether any of the five exceptions enumerated in R.C.

2744.02(B) applies to expose the political subdivision to liability.  These exceptions occur when (1) the injuries are caused by the negligent operation of a motor vehicle by an employee; (2) the injuries are caused by the negligent performance of an employee with respect to a proprietary function; (3) the injuries are caused by the failure to keep public roads, highways, and streets open, in repair, and free from nuisance; (4) the injuries are caused by negligence of an employee and is on the grounds of a building used for governmental purposes; or (5) the injuries are those for which liability is expressly imposed by the Ohio Revised Code.   R.C. 2744.02(B)(1)-(5).

{¶ 30} If any of the exceptions enumerated in R.C. 2744.02(B) applies, the court proceeds to the third tier of the analysis and determines whether any of the defenses enumerated in R.C. 2744.03 applies to provide the political subdivision a defense against liability.  *Colbert* at ¶ 9.  If none of the five exceptions applies, the immunity analysis ends without proceeding to the third tier.  *Rankin v. Cuyahoga Cty. Dept. of Children & Family Serv*s., 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 32.

{¶ 31} In this case, there is no dispute that the NEORSD is a political subdivision.  Accordingly, the NEORSD is immune from liability for appellant's alleged property damage unless any of the five exceptions to immunity enumerated in R.C. 2744.02(B) applies to expose it to liability under the second tier of the immunity analysis.  Here, appellant alleges that the exception set forth under R.C. 2744.02(B)(2) applies.  As previously stated, R.C. 2744.02(B)(2) provides that

political subdivisions are liable for "injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." The NEORSD asserts that the "second amended complaint is devoid of any factual allegation that would allow the trial court to conclude that an NEORSD employee engaged in any proprietary function related to the claims."

{¶ 32} In order to demonstrate that the language set forth under R.C. 2744.02(B)(2) would remove the district's immunity, appellant must establish the following: (1) the elements required to sustain a negligence action, and (2) that the negligence arose out of a "proprietary function." *Williams v. Glouster*, 2012-Ohio-1283, 864 N.E.2d 102, ¶ 17 (4th Dist.), citing *Gabel v. Miami E. School Bd.*, 169 Ohio App.3d 609, 2006-Ohio-5963, 864 N.E.2d 102, ¶ 39-40 (2d Dist.).

{¶ 33} The relevant function in this case involves a sewerage system. A function that involves a sewerage system could be either governmental or proprietary. R.C. 2744.01(G)(2) lists specific functions expressly designated as proprietary functions. Relevant to this appeal, this list includes "[t]he maintenance, destruction, operation, and upkeep of a sewer system." R.C. 2744.01(G)(2)(d). *See Portsmouth v. Mitchell Mfg. Co.*, 113 Ohio St. 250, 148 N.E. 846 (1925) (Ohio courts have long recognized that a city can be liable for the negligent maintenance of its sewers.) In contrast, it is a governmental function if it involves "[t]he provision or nonprovision, planning or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system." R.C. 2744.01(C)(2)(l).

{¶ 34} "Determining whether an allegation of negligence relates to the maintenance, operation, or upkeep of a sewer system or, instead, the design, construction, or reconstruction of a sewer system is not always a simple inquiry." *Essman v. Portsmouth*, 4th Dist. Scioto No. 09CA3325, 2010-Ohio-4837, ¶ 2. A complaint is properly characterized as a "maintenance, operation, or upkeep issue" when "remedying the sewer problem would involve little discretion but, instead, would be a matter of routine maintenance, inspection, repair, removal of obstructions, or general repair of deterioration." *Id.*, citing *Martin v. Gahanna*, 10th Dist. Franklin No. 06AP-1175, 2007-Ohio-2651, ¶ 17. On the other hand, a complaint presents a design or construction issue if "remedying a problem would require a city to, in essence, redesign or reconstruct the sewer system." *Id.*, citing *Zimmerman v. Summit Cty.*, 9th Dist. Summit No. 17610, 1997 Ohio App. LEXIS 52 (Jan. 15, 1997).

{¶ 35} In this case, appellant's assertion that the second amended complaint sets forth a "maintenance, operation, or upkeep issue" is not well taken. The second amended complaint, when read in its entirety, seeks damages and equitable relief from flooding issues that stem from the allegedly inadequate design or construction of the storm-water retention basins installed near appellant's property. Appellant is not alleging that remedying the flooding problem would involve little discretion and would be a matter of timely inspections and maintenance. Rather, the second amended complaint insinuates that in order to remedy the existing problem on the city's property, the defendants would, essentially, need to redesign or reconstruct

the storm-water basin system. In fact, appellant acknowledges in the second amended complaint that relief might only come from the removal or alteration of the storm-water retention basins. Second Amended Complaint, p. 12. Under these circumstances, we find the exception contained in subsection (B)(2) does not apply.

{¶ 36} We recognize that appellant is attempting to characterize the construction of the storm-water-retention basins as being inherently linked to the NEORSD's operation of its sewer district in order avoid the implications of R.C. Chapter 2744. However, the documents incorporated into the four corners of the second amended complaint unambiguously demonstrate that the NEORSD's only involvement in this manner was approving and awarding the city grant funds to complete a project that the sewer district deemed consistent with the objectives of the Green Infrastructure Grant Program. The Agreement expressly states that (1) the city is responsible for the operation and maintenance of the water-basin project, (2) the Agreement was not intended to create a joint venture, partnership or agency relationship between the city and the NEORSD, and (3) the city was responsible for completing the storm-water basin project pursuant to the approved design and construction plans. Moreover, appellant concedes in the second amended complaint that (1) the NEORSD did not construct the storm-water retention basins; (2) the NEORSD did not contract with defendant CPCC; and (3) the city, and not the NEORSD, "designed, constructed, and located the basins." Second Amended Complaint, ¶ 35, 42, 43, 50.

{¶ 37} In this court's view, the NEORSD's oversight, approval, and involvement in the design and construction process in this case was limited to its oversight of the grant program. Again, we reiterate the second amended complaint specifically states that the city, and not the NEORSD, "designed, constructed, and located the Basins in compliance with Title IV of NEORSD's combined sewer code." Second Amended Complaint, ¶ 50. Nevertheless, even if this court were to conclude that the sewer district was intrinsically involved in the design and construction of the storm-water retention basins that have repeatedly flooded the appellant's property, its role in this matter was certainly not related to the maintenance, operation, or upkeep of its own sewerage system.

{¶ 38} There is no doubt that the Green Infrastructure Grant Program was created to "remove stormwater from the combined sewer system and reduce the release of combined sewage into the environment." Second Amended Complaint, exhibit A. In a broad sense, we agree that the environmental projects funded by the grant program incidentally improve the NEORSD's ability to maintain and operate its sewer districts. However, the General Assembly has clearly distinguished negligent acts related to the design, construction, or reconstruction of a sewerage system from those related to a maintenance, operation, or upkeep issue. If this court were to adopt appellant's position in this matter, the distinction between these functions would be eliminated. The fact that the NEORSD's sewerage system benefitted, albeit indirectly, from the storm-water basin construction project on city property did not cause the function to become proprietary. Rather, the prevailing

fact in this case is that the NEORSD is not responsible for the operation or maintenance of the storm-water retention basins located on the city's property.

{¶ 39} Appellant also suggests in a footnote that immunity could be defeated under the exception contained in R.C. 2744.02(B)(5). As mentioned, R.C. 2744.02(B)(5) provides that political subdivisions are exposed to liability where the injuries are those for which liability is expressly imposed by the Ohio Revised Code. Here, appellant suggests that R.C. 6119.50 is applicable and expressly imposes civil liability on the sewer district.

{¶ 40} R.C. 6119.50, titled "Filing Damage Claims," provides property owners the opportunity to file a written claim for damages that are sustained "by reason of a proposed project, to be paid in whole or in part by special assessment[.]" Although property owners must file their written claims within 28 days of the notice required under R.C. 6119.47, the statute does not deprive the owner of his or her right to recover damages arising, without his or her fault, from the acts of the sewer district or its agents.

{¶ 41} After careful consideration, we are not persuaded by appellant's reliance on R.C. 6119.50. Significantly, the construction of the storm-water retention basins on the city's property was not funded by a special assessment. Rather, the money was granted to the city in accordance with the sewer district's environmental initiative program. The language set forth in R.C. 6119.50 clearly provides property owners with an avenue to challenge projects funded by special assessment. The statue contains no language to suggest it would extend to projects

funded by monetary grants. Because the statute is narrowly tailored, we are unable to conclude that the exception set forth under R.C. 2744.02(B)(5) applies.

{¶ 42} Having found that the sewer district is immune and that no exception to immunity applies, we find that appellant has failed to state a negligence claim against the district upon which relief may be granted. *See Maclin v. Cleveland*, 8th Dist. Cuyahoga No. 102417, 2015-Ohio-2956, ¶ 17.

{¶ 43} Finally, regarding appellant's request for injunctive relief,[2] appellant correctly states that "[i]mmunity under R.C. Chapter 2744 is * * * not a defense for claims involving declaratory judgment or injunctive relief." *Barton v. Cty. of Cuyahoga,* 8th Dist. Cuyahoga No. 105008, 2017-Ohio-7171, ¶ 25. However, for the reasons previously discussed, we find the NEORSD cannot provide appellant the equitable relief it seeks. The materials attached to the second amended complaint demonstrate that the subject property and the storm-water retention basins constructed thereon are owned and operated by the city. The NEORSD has no control over the property or the water-retention basins and, therefore, has no authority or legal obligation to remove or alter the storm-water retention basins in order to remedy the ongoing flooding issues.

{¶ 44} Based on the foregoing, the trial court did not err by granting the NEORSD's motion to dismiss pursuant to Civ.R. 12(B)(6). Taking the allegations in

---

[2] An injunction is an extraordinary equitable remedy that is available if there is no adequate remedy at law. *Perkins v. Quaker City*, 165 Ohio St. 120, 133 N.E.2d 595 (1956), syllabus; *Garono v. State*, 37 Ohio St.3d 171, 173, 524 N.E.2d 496 (1988). Its purpose is to prevent a future wrong that the law cannot. *Sternberg v. Bd. of Trustees*, 37 Ohio St.2d 115, 118, 308 N.E.2d 457 (1974).

the second amended complaint as true and construing all reasonable inferences drawn from those allegations in favor of appellant, we find appellant can prove no set of facts entitling it to the relief requested. Our decision does not speak to the extent of the harm suffered by appellant or the merits of appellant's claims against the remaining parties. Appellant's sole assignment of error is overruled.

{¶ 45} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J.,* and
KATHLEEN ANN KEOUGH, J., CONCUR

* Judge Larry A. Jones, Sr., concurred in this Journal Entry and Opinion prior to his death on October 7, 2021.

(The Ohio Constitution requires the concurrence of at least two judges when rendering a decision of a court of appeals. Therefore, this announcement of decision is in compliance with constitutional requirements. *See State v. Pembaur*, 69 Ohio St.2d 110, 430 N.E.2d 1331 (1982).)